UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20729-CV-LENARD/O'SULLIVAN

CARLOS GERMAN DIAZ )
)
    Plaintiff, )
vs. )
)
GLOBAL DEVELOPMENT CONSULTANT, )
INC. )
THE NEW LANGFORD LLC )
CARLOS J. MOLINARI )
DIEGO MOLINARI )
)
    Defendants )
)

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

Comes Now Plaintiff, by and through undersigned counsel, and hereby responds in opposition to Defendants' Motion for Sanctions and in support thereof states as follows:

1. Defendants' Motion for sanctions was filed on October 7, 2013, the day prior to this Court conducting a settlement conference on this matter. Presumably, said motion was filed as a litigation tactic in order to pressure Plaintiff into settling this matter.

2. Defendants' Motion for Sanctions seeks sanctions pursuant to 29 U.S.C. 1927 on the basis that there is no enterprise coverage.

3. As noted in Plaintiff's Response to Defendants' Motion for Summary Judgment, the parties have yet to conduct their Rule 26 conference pursuant to Fed. R. Civ. Proc. 26(f). Therefore, as said conference has yet to be conducted, the parties have yet to engage in discovery.

4. Defendants' Motion for Sanctions includes the same issues (enterprise coverage) as Defendants' Motion for Summary Judgment. However, as noted in Plaintiff's response to Defendants' Motion for Summary Judgment, pursuant to Fed R. Civ. Proc. 56 (d)(2), Plaintiff must be afforded ample time to conduct discovery in order to properly respond to Defendants' Motion for Summary Judgment.

5. Furthermore, Plaintiff has filed a motion for leave to amend the complaint[1]. [D.E. 41.] Should the Court be inclined to grant Plaintiff's Motion for Leave to Amend, it would presumably moot Defendants' Motion for Summary Judgment. See *Perkins v. Kushla Water Dist.,* CIV.A. 13-00286-KD-B, 2013 WL 4511329 (S.D. Ala. Aug. 23, 2013).

> Turning next to Defendants' Motion to Dismiss, the Court finds that the motion is due to be denied as moot. Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion is moot. *Pintando v. Miami–Dade Housing Agency,* 501 F.3d 1241, 1243 (11th Cir.2007) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager,* 463 F .3d 1210, 1215 (11th Cir.2006)) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary"); *see De Sisto College v. Line,* 888 F.2d 755, 757–757 (11th Cir.1983) (acknowledging the denial as moot of defendant's motion to dismiss the first amended complaint because the plaintiff filed a second amended complaint); *Meterlogic, Inc. v. Copier Solutions, Inc.,* 185 F.Supp.2d 1292, 1297 (S.D.Fla.2002) (**noting that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and Daubert motion**"). [Emphasis added].

6. Furthermore, Defendants spend a significant portion of their motion on *Rodriguez v. Marble Care Int'l, Inc.,* 863 F. Supp. 2d 1168 (S.D. Fla. 2012). However, said Order is inapplicable to the facts at hand as the *Rodriguez* case allowed the Parties to conduct

---

[1] Said Motion seeks to add Real Estate Investments Fiduciaria S.A as a joint enterprise.

discovery. Defendants, in the case at hand, seek sanctions before Plaintiff is allowed to conduct any discovery in order to properly and thoroughly respond.

## Memorandum of Law

A. **Standard For Sanctions:**

Defendants' Motion for Sanctions has been filed pursuant to 28 U.S.C. §1927 and not pursuant to rule 11 of the Federal Rules of Civil Procedure. The clear distinction between the two rules is that rule 11 is designed to afford the Parties a 21 day safe harbor period to make the appropriate corrections, while §1927 does not provide said safe harbor period. However, Courts have found other distinct differences between the two rules.

> While many of the same general principles apply to sanctions under Rule 11 and sanctions under §1927, Rule 11 and §1927 are distinct sources of authority. They are aimed at addressing different kinds of misconduct, are different in scope, and are governed by quite different legal standards. See, e.g., *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (noting that Rule 11 "is aimed primarily at pleadings" and addresses the conduct of both parties and attorneys, while §1927 addresses "dilatory tactics throughout the entire litigation" and is focused solely on attorney conduct); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (noting that Rule 11 permits attorney's fees "for conduct which merely fails to meet a reasonableness standard," in contrast to a court's inherent powers, which require a higher showing). Rule 11 cases do not dispose of the issues arising under § 1927.

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 (11th Cir. Fla. 2006).

As noted by the Eleventh Circuit in *Amlong*, the requirement of imposing sanctions pursuant to 28 U.S.C. §1927 requires a higher standard.

See *SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312 (S.D. Fla. Nov. 24, 2009) citing *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001) (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). However, as cited in

*SEC*, "[b]ecause the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'" *Byrne*, 261 F.3d at 1106 (*citing Chambers,* 501 U.S. at 50)." Id at. *13.

> However, because of their potent nature, "inherent powers must be exercised with restraint and discretion." Id., 501 U.S. at 42-43, 111 S. Ct. at 2131-32, 115 L. Ed. 2d at 45 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488, 499-500 (1980)). A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id. For example, circumstances which may dictate the exercise of inherent power to assess attorney's fees against counsel, include those where a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." Id. (citations omitted).

*Glatter v. Mroz* (In re Mroz), 65 F.3d 1567, 1575 (11th Cir. Fla. 1995).

> Invocation of a court's inherent power requires a finding of bad faith. *Chambers*, 501 U.S. at 49, 111 S. Ct. at 2135, 115 L. Ed. 2d at 48. The court must afford the sanctioned party due process, both in determining that the requisite bad faith exists and in assessing fees. *Id*. Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why. *Donaldson v. Clark*, 819 F.2d 1551, 1559-60 (11th Cir.1987) (discussing Rule 11 sanctions). Notice can come from the party seeking sanctions, from the court, or from both. *Id*. at 1560. In addition, the accused must be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions.

*Glatter v. Mroz* (In re Mroz), 65 F.3d 1567, 1576 (11th Cir. Fla. 1995). See also *DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. Ala. 1993) (sanctions under rule 37 should not be imposed lightly or without fair notice and an opportunity for a hearing on the record).

> The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) re *Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)). "Because the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'" *Byrne*, 261 F.3d at 1106 (citing *Chambers*, 501 U.S. at 50).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). Therefore, the Court in the case at hand should only award sanctions if it finds that the actions of Plaintiff and/or his counsel were done in bad faith. In determining whether a Parties' conduct amounts to bad faith, the Courts have stated:

> Bad faith can be found where the court finds that a ". . . fraud has been practiced upon it, or that the very temple of justice has been defiled," where a party delays or disrupts the litigation, or hampers the enforcement of a court order, or where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *See Chambers,* 501 U.S. at 46; *Barnes,* 158 F.3d at 1214 (*citation omitted*). In determining whether sanctions should be awarded under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Rothenberg v. Sec. Mgmt Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir. 1984).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). In the case at hand, Plaintiff and Plaintiff's counsel have acted in good faith and have not acted in bad faith as the claim brought by Plaintiff has merit and is not being brought for the purpose of harassing Defendants.

In the cast at hand, the parties have yet to conduct any discovery and have not even conducted their Rule 26(f) conference. As the issues on summary judgment and the current motion for sanctions are identical, Plaintiff must be afforded an opportunity to engage in discovery in order to fashion a response to Defendants' Motion for Summary Judgment. "Where there has not yet been any discovery, let alone an "adequate opportunity for discovery," summary judgment is simply not appropriate or warranted." *Corbett v. Renegade Termite & Pest Control, Inc.,* 2010 WL 3447539 (M.D. Fla. Aug. 30, 2010).

Furthermore, if the Court is not automatically inclined to deny Defendants' Motion for Sanctions outright, Plaintiff would request a hearing on said matter pursuant to the Eleventh Circuit finding in *Amlong & Amlong, P.A* . "Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing. *Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000)." *Amlong & Amlong, P.A. v. Denny's, Inc*., 500 F.3d 1230, 1242 (11th Cir. Fla. 2006).

Wherefore, Plaintiff respectfully requests that the Court deny Defendants' Motion for Sanction in its entirety.

Respectfully submitted,

Daniel T. Feld, Esq.
J. H. Zidell, P.A.
Attorneys for Plaintiff
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld_____
    Daniel T. Feld, Esq.
    Florida Bar No.: 0037013

## **CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendant's Motion For Sanctions was sent via CM/ECF to John Howell Patterson , Jr., Patterson & Sweeny, PL, SBS Tower, 2601 S. Bayshore Dr., Suite 1100, Miami, FL 33133, Fax:(305) 372-3940, Email: pat@pattersonsweeny.com on this 25th day of October 2013.

        Daniel T. Feld, Esq.
        J. H. Zidell, P.A.
        Attorneys for Plaintiff
        300-71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

By: _/s/_ Daniel T. Feld _____
    Daniel T. Feld, Esq.
    Florida Bar Number: 0037013