UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

CARLOS GERMAN DIAZ,

    Plaintiff,

vs.

GLOBAL DEVELOPMENT
CONSULTANT INC., *et al.*,

    Defendants.
_____/

**DEFENDANTS' VERIFIED MOTION FOR RULE 11 SANCTIONS,** *ETC.*

Defendants, Global Development Consultant, Inc. ("Global Development"), The New Langford, LLC ("New Langford"), Carlos J. Molinari, and Diego Molinari, move this Court to sanction the plaintiff, Carlos German Diaz ("Mr. Diaz"), or his counsel, or both, pursuant to Rule 11 of the Federal Rules of Civil Procedure, and section 57.105, Florida Statutes, and, as grounds therefor, state:

### I. INTRODUCTION

"Some commentators describe litigation as war…. But if litigation is war, then it is a war fought under rules which prohibit and restrict certain tactics. One unavailable tactic is to pressure a defendant by pressing a frivolous lawsuit." *Rodriguez v. Marble Care Int'l., Inc.*, 863 F. Supp. 2d 1168 (S.D. Fla. 2012)(footnote deleted), "RATIFIED, AFFIRMED and APPROVED in its

entirety," Case No. 10-23223-CIV-GRAHAM/GOODMAN, LEXIS 40981 (S.D. Fla. March 11, 2013). This action is being pursued without reasonable inquiry into the underlying facts, by the same attorneys and law firm who were sanctioned by this Court in *Rodriguez*, for pursuing that claim without reasonable inquiry into the underlying facts. Thus, to quote Yogi Berra: "It's like déjà vu all over again"!

## II. PERTINENT FACTS

Mr. Diaz was a property maintenance man, who worked and resided in the Langford Building in Miami—which was closed to the public, shuttered, and devoid of (paying) tenants, continuously from the time it was acquired by the New Langford until it was lost in foreclosure; he never participated in any movement of persons or things in interstate commerce, and neither did the New Langford; to the contrary, the New Langford was merely a holding company for the Langford Building—its only holding—which never produced or sold goods, materials, or services, nor leased or rented space, nor received rents or revenues.

The total income of the New Langford, including gross receipts and sales, was **$0.00** in years 2007, 2008, 2009, 2010, 2011, and 2012.

Global Development was formed in December 2009, solely and exclusively to develop techniques for constructing emergency homes using recycled shipping containers, but it never completed a single home, or produced nor sold any goods, materials, or services, or generated any revenues. Moreover, Global Development

never employed Mr. Diaz nor shared offices or enterprise with the New Langford.

The total income of Global Development, including gross receipts and sales, was **$0.00** in each and all years 2009, 2010, in 2011, and 2012.

The only "connection" between the New Langford and Global Development is that Carlos Molinari—a resident of Argentina—is the Manager/Member of the former, and President of the latter, whereas Diego Molinari is the Vice President of the latter and was added as Manager of the former on April 29, 2012. Nonetheless, assuming *arguendo* that the defendants could have been construed as enterprise, their combined gross revenues, sales, and income, for the years 2007 through 2012 —*aggregated*—totaled only **$208,225**, i.e., only 42% of the $500,000 threshold.[1]

Foreclosure of the Langford Building was commenced on March 15, 2012, and it was sold on February 19, 2013—matters of public record—and, because he was its sole occupant, matters which were or should have been known by Mr. Diaz and his counsel when they commenced this action nine days thereafter….

### III. APPLICABLE LAW AND ARGUMENT

The Eleventh Circuit has held that:

> In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they

---

[1] The Affidavit of Diego Molinari in Support of Defendants' Motion for Summary Judgment is attached hereto and incorporated herein.

3

were frivolous; that is, whether he would have been aware had he made a reasonable inquiry.... If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound.... The reasonableness of the prefiling inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law.

*Jones v. International Riding Helmets*, 49 F.3d 692 (11th Cir. 1995)(citations deleted).

In pertinent part, section 57.105, Florida Statutes, provides:

    (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

    (a) Was not supported by the material facts necessary to establish the claim or defense; or

    (b) Would not be supported by the application of then-existing law to those material facts.[2]

Last year this Court sanctioned the same lead attorney and his law firm who are representing Mr. Diaz in this case, based upon facts that are *less* egregious

---

[2] *Aguilar v. ABC Supply Co.*, Case No. 2:10-cv-141-FtM-36SPC, LEXIS 83426 (M.D. Fla. June 3, 2010), *adopted*, CASE NO. 2:10-CV-141-FtM-36SPC, LEXIS 108003 (M.D. Fla. 2010)(denying plaintiff's motion to strike the affirmative defense of entitlement to attorney's fees pursuant to sections 57.105 and 448.08, Florida Statutes).

4

than those presented here. *Rodriguez*, 863 F. Supp. 2d 1168.

> ***Defendant*** Marble Care Int'l, Inc. is a small, local floor finisher with one location in Broward County.... Marble Care, owned by Codefendant Robert Segurola, ***employed four workers***, a fact acknowledged by Plaintiffs' counsel at a discovery hearing.... ***Plaintiffs worked for Defendants as basic laborers, doing floor polishing***, for approximately two to six months during 2010....
>
> Plaintiffs filed an Amended Complaint alleging FLSA overtime violations.... ***Plaintiffs alleged, albeit upon information and belief, that "the Defendant Corporations"... "grossed over $500,000 annually for the relevant time period."*** ... They also alleged that "Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce" and that "Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he (sic) worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant."

*Rodriguez*, 863 F. Supp. 2d at 1173 (emphasis added; brackets deleted).

In the instant case, Mr. Diaz was the sole "property maintenance man" for the New Langford—a single asset holding company for the Langford Building—and he was the lone tenant of the vacant and shuttered Langford Building. As was the case in *Rodriguez*, in the instant case Mr. Diaz "filed an Amended Complaint alleging FLSA overtime violations.... albeit upon information and belief, that the Defendant Corporations... grossed over $500,000 annually for the relevant time period" (see Amended Complaint ¶ 13).

The *Rodriguez* Court held, if "egregious enough, pursuing a claim 'without reasonable inquiry into the underlying facts' can constitute the bad faith necessary

5

to support a fees sanction," and, concerning Mr. Diaz's attorneys in this case, held:

> Plaintiffs' attorneys are hardly novices to FLSA cases. To the contrary, they are competent, experienced and extremely active in litigating FLSA cases. According to a CM/ECF query run on February 15, 2012, ***Mr. Zidell has been involved as an attorney in 1,078 cases since 1997*** (with most of those cases in the past 11 years, from 2000 onward) and Mr. Kelly has been involved in 150 cases since 2006. ***Although ignorance of the law concerning FLSA jurisdiction would not be a legitimate defense to a fees request based on bad faith pursuit of a frivolous FLSA claim, these two attorneys would not have that argument available in any event.***
>
> ***Because Marble Care is a small, local company with less than a handful of employees, Plaintiffs' counsel should have known from the start that they would confront significant and probably insurmountable obstacles to establishing the requisite jurisdiction.*** Plaintiffs' counsel did not send a pre-suit demand letter or first seek a pre-suit bill of discovery — two factors the Ortiz v. D & W Foods, Inc. court deemed significant. In addition, ***Plaintiffs' counsel had little or no basis to believe that Marble Care had annual sales revenues of $500,000.00 because their clients had no access to the books and records and therefore had no reasonable estimate of the gross sales figures.*** Although the bank records provided demonstrated that Marble Care's annual revenues were not even remotely close to reaching the $500,000.00 threshold, Plaintiffs persisted in their claim. Defendants provided the bank records on November 11, 2010, as exhibits to their motion to dismiss. Indeed, Plaintiffs' counsel conceded as late as February 4, 2011 (during the discovery hearing) that he could not prove the $500,000 revenue threshold (and he did not have evidence to demonstrate individual coverage, either).

*Rodriguez*, 863 F. Supp. 2d at 80 (S.D. Fla. 2012)(emphasis added; footnote and brackets deleted).

As was the case in *Rodriguez*, here the defendants had less than a handful of employee—only one to be exact, Mr. Diaz, and he was only employed by the New

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

Langford. As was the case in *Rodriguez*, here "Plaintiffs' counsel had little or no basis to believe that [the defendants] had annual sales revenues of $500,000.00 because their clients had no access to the books and records and therefore had no reasonable estimate of the gross sales figures." As was the case in *Rodriguez*, Mr. Diaz's counsel should have known from the start that they would confront significant and probably insurmountable obstacles to establishing the requisite jurisdiction.

In spite of this Court's sanction in *Rodriguez*, Mr. Diaz's counsel dragged in two unrelated parties—Global Development and Diego Molinari—in a transparent "shotgun" approach to overcoming their "significant and probably insurmountable obstacles to establishing the requisite jurisdiction."

Mr. Diaz's attorneys have egregiously pursued claims against the defendants here "without reasonable inquiry into the underlying facts," in the same manner that they pursued Marble Care and its principal in *Rodriguez*—and notwithstanding having been sanctioned by this Court in *Rodriguez* for the very same conduct! *A fortiori*, sanctions should be entered against Mr. Diaz, or his attorneys, or both.

I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 7th day of October 2013.

Case 1:13-cv-20729-JAL   Document 49   Entered on FLSD Docket 11/01/2013   Page 8 of 10

Carlos German Diaz v. Global Development Consultant, Inc., et al.
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

_____
DIEGO MOLINARI

WHEREFORE, the defendants respectfully request this Honorable Court to enter an order sanctioning Mr. Diaz, or his counsel, or both, including, without limitation, awarding the defendants attorney's fees and cost.[3]

## IV.   RULE 7.1.3. CERTIFICATION

Undersigned counsel for the movants has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

s/John H. Patterson Jr.
John H. Patterson Jr.
Florida Bar No. 0516597
pat@pattersonsweeny.com
Patterson & Sweeny, P.A.
Counsel for Defendants
2601 S. Bayshore Drive
SBS Tower, Suite 1100
Miami, Florida 33133
305.350.9000 Telephone
305.372.3940 Facsimile

---

[3] Courts have a wide variety of possible sanctions to impose for violations of Rule 11, including "striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other education programs; ordering a fine payable to the court; [or] referring the matter to disciplinary authorities." Fed.R. Civ.P. 11, Advisory Committee Notes, 1993 Amendments…. If imposed on motion and warranted for effective deterrence, an order directing payment of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation may be imposed. See Rule 11(c)(2), Fed.R.Civ.P. *Footman v. Wang Tat Cheung*, 341 F. Supp. 2d 1218 (M.D. Fla. 2004).

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing, Defendants' Verified Motion for Rule 11 Sanctions, *Etc.*, together with the accompanying and attached Affidavit of Diego Molinari in Support of Defendants' Motion for Summary Judgment, were served on all counsel or parties of record electronically on October 7, 2013, and electronically filed with the Clerk of the Court on October ____, 2013 using CM/ECF.

s/John H. Patterson Jr.
John H. Patterson Jr.

## SERVICE LIST
**Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN
United States District Court – Southern District of Florida**

Christopher Nathaniel Cochran
Cnc02g@gmail.com
J. H. Zidell, PA
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Daniel T. Feld
DanielFeld.Esq@gmail.com
J. H. Zidell, PA
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

9

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

Jamie H. Zidell
Zabogado@aol.com
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

[PAT\1369-014\SANCTIONS.MF.11]