UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

CARLOS GERMAN DIAZ,

    Plaintiff,

vs.

GLOBAL DEVELOPMENT
CONSULTANT INC., *et al.*,

    Defendants.
_____/

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' VERIFIED MOTION FOR SANCTIONS**

Defendants, Global Development Consultant, Inc. ("Global Development"), The New Langford, LLC ("New Langford"), Carlos J. Molinari, and Diego Molinari, serve this reply memorandum of law in support of Defendants' Verified Motion for Sanctions against the plaintiff, Carlos German Diaz ("Mr. Diaz"), and, as grounds in reply to each of the paragraphs in Mr. Diaz's response, state:

    1.    The defendants served their motions for sanction on Monday, October 7, 2013, because they completed their supporting affidavits on the evening of Friday, October 4, 2013 (DE #34). Thus, Mr. Diaz's presumption is incorrect.

    2.    As verified in their supporting affidavits, the defendants moved for sanctions because "their combined gross revenues, sales, and income, for the years

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

2007 through 2012—***aggregated***—totaled only **$208,225**, i.e., only 42% of the $500,000 threshold," and because this Court recently held that the "Plaintiffs' counsel should have known from the start that they would confront significant and probably insurmountable obstacles to establishing the requisite jurisdiction"—in a factually closer case than the instant case. *Rodriguez v. Marble Care Int'l., Inc.*, 863 F. Supp. 2d 1168 (S.D. Fla. 2012), *approved*, Case No. 10-23223-CIV-GRAHAM/GOODMAN, LEXIS 40981 (S.D. Fla. March 11, 2013).

3. Ironically, the defendants wanted to produce their tax returns to Mr. Diaz, and proposed a Confidentiality Order to his counsel on October 7, 2013 (to protect social security numbers, *etc.*), but, on October 15, 2013, Mr. Diaz's counsel replied: **"We will not agree to the Confidentiality Order presently"** (emphasis added). Copies of the proposed Confidentiality Order emails are attached.

4. The Affidavit of J.H. Zidell in support of the Plaintiff's Response to Defendants' Motion for Summary Judgment, generally states: "Plaintiff desires to conduct discovery in order to properly and thoroughly respond to Defendants' Motion for Summary Judgment and Motion for Sanction." *See, e.g., Shuler v. Board of Trustees of the University of Alabama*, 480 Fed. Appx. 540 (11th Cir. 2012)("Shuler never filed a motion under Rule 56(d) and did not identify any discovery relevant to the grounds for summary judgment."). The defendants do

2

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

not contest Mr. Diaz's right to obtain discovery, but they underscore their efforts to produce tax returns quickly and confidentially to limit litigation, fees, and costs.

     5.    Just like his First Amended Complaint, Mr. Diaz's Second Amended Complaint alleges no facts to support his joint venture theory; instead, he alleges the elements of a joint venture almost verbatim. *See, Vignoli v. Clifton Apts., Inc.*, 930 F. Supp. 2d 1342, 1346-1347 (S.D. Fla. 2013)("For the most part, Plaintiffs have taken the elements for joint enterprise theory and alleged them almost verbatim.").[1] Worse, employing the same formulaic mantras, the Second Amended Complaint alleges: "Defendants are further joint enterprises with an additional entity, Real Estate Investments Fiduciaria S.A., as they perform related activities with Real Estate Investments Fiduciaria S.A. through unified operation and/or common control for a common business purpose"—without alleging any supporting facts.[2] The issues raised in the defendants' motions for sanction are hardly moot, because

---

[1] *See also, Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1368-1370 (S.D. Fla. 2011)("Plaintiff's complaint is devoid of any allegations describing the type of business activities in which Defendants are engaged and for what purpose. Instead, Plaintiff literally has taken the legal test for joint enterprise coverage and repeated its exact terms as his allegations.")(same counsel).

[2] In spite of the fact that "Plaintiffs' counsel had little or no basis to believe that [defendants] had annual sales revenues of $500,000.00 because their clients had no access to the books and records and therefore had no reasonable estimate of the gross sales figures," *Rodriguez*, 863 F. Supp at 1182, now they are implicating an Argentine sociedad anónima without any knowledge or its activities or revenues.

3

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

Mr. Diaz and his counsel are merely casting the net ever wider and, in the process, digging the hole even deeper ....

6. Again, the defendants do not contest Mr. Diaz's right to discovery, but reiterate that he rebuffed their efforts to produce their tax returns (in confidence), and they underscore the "take away" from the sanctions imposed on Mr. Diaz's counsel in *Rodriguez*, 863 F. Supp at 1182, to wit:

> Plaintiffs and their counsel did not conduct a pre-suit inquiry to determine if Marble Care was subject to an FLSA claim under either the enterprise or individual coverage theories, filed their claim anyway, sought to take irrelevant discovery in order to impose financial pressure on Defendants and persisted in prosecuting the claim even though they never had the necessary evidence to establish FLSA jurisdiction and ignored unrebutted evidence demonstrating that Marble Care was not subject to the FLSA claim.

WHEREFORE, the defendants respectfully request this Court either to grant or to defer ruling on the defendants' pending motions for sanctions, and, if the latter, to enter a confidentiality order and expedite discovery.

s/John H. Patterson Jr.
John H. Patterson Jr.
Florida Bar No. 0516597
pat@pattersonsweeny.com
Patterson & Sweeny, P.A.
Counsel for Defendants
2601 S. Bayshore Drive
SBS Tower, Suite 1100
Miami, Florida 33133
305.350.9000 Telephone
305.372.3940 Facsimile

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing, Reply Memorandum of Law in Support of Defendants' Verified Motion for Sanctions, were served on all counsel or parties of record and electronically filed with the Clerk of the Court on November 1, 2013 using CM/ECF.

s/John H. Patterson Jr.
John H. Patterson Jr.

## SERVICE LIST
Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN
United States District Court – Southern District of Florida

Christopher Nathaniel Cochran
Cnc02g@gmail.com
J. H. Zidell, PA
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Daniel T. Feld
DanielFeld.Esq@gmail.com
J. H. Zidell, PA
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN

Jamie H. Zidell
Zabogado@aol.com
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

[PAT\1369-014\SANCTIONS.MF.REPLY]

**Pat Patterson**

| | |
|---|---|
| From: | Chris Cochran <cnc02g@gmail.com> |
| Sent: | Tuesday, October 15, 2013 3:03 PM |
| To: | Pat Patterson |
| Cc: | Daniel Feld; zabogado@aol.com; Mariela Gonzalez; Cecilia Calandra |
| Subject: | Re: Diaz v. Global Development Consultant. et al. |
| Attachments: | Diaz, Carlos German - Second Amended Complaint.pdf |

Mr. Patterson,

We will not agree to the Confidentiality Order presently.

Regarding your request to see the amended complaint; it is attached. The only change made is that Plaintiff has added an additional entity to the joint enterprise paragraph: Real Estate Investments Fiduciaria S.A. Otherwise, it is the same.

Our office plans to file the motion for leave to amend by the end of the business day. Please advise your client as soon as possible.


Regards,

Christopher Cochran
J.H. Zidell, P.A.

CONFIDENTIALITY NOTICE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it.


On Mon, Oct 14, 2013 at 6:05 PM, Pat Patterson <pat@pattersonsweeny.com> wrote:

Dear Mr. Cochran:


First, kindly reply to our email sent October 7th, which stated: "Please let me know if we can agree to the entry of the attached Confidentiality Order, and, again, kindly let me know forthwith whether we can resolve or limit the issues raised in the Defendants' Verified Motion for Sanctions served yesterday." Attached is the discussion draft Confidentiality Order that was attached to my October 7th email.

1

Second, please send me a copy of your proposed amended complaint (or amendment thereto), so that I might advise my clients in the premises and reply accordingly. Awaiting word with kind regards,

Pat.

John H. "Pat" Patterson, Jr.

Florida Bar No.:   0516597

**Patterson & Sweeny, PL**

SBS Tower, Suite 1100

2601 S. Bayshore Drive

Miami, Florida 33133

Telephone:   305.350.9000

Telecopier:   305.372.3940

Email:         pat@pattersonsweeny.com


**From:** Chris Cochran [mailto:cnc02g@gmail.com]
**Sent:** Friday, October 11, 2013 5:29 PM
**To:** Pat Patterson
**Cc:** Daniel Feld
**Subject:** Diaz v. Global Development Consultant. et al.


Mr. Patterson,


Plaintiff seeks leave to amend the complaint to allege additional entities under a joint enterprise with Defendants. Do Defendants oppose? Please advise.


Regards,

2

Christopher Cochran
J.H. Zidell, P.A.

CONFIDENTIALITY NOTICE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it.