UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-20729-CIV-LENARD/GOODMAN

CARLOS GERMAN DIAZ,

      Plaintiff,

vs.

GLOBAL DEVELOPMENT
CONSULTANT INC., *et al.*,

      Defendants.

                             /

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

      Defendant, Diego Molinari, serves this memorandum of law in opposition to Plaintiff's Motion for Final Default Judgment, which was filed and served on February 2, 2015, together with a proposed Default Final Judgment, by the plaintiff, Carlos German Diaz ("Mr. Diaz"), and, as grounds in opposition thereto, states:

### I.  JOINT CLAIMS AND DEFENSES

      Mr. Diaz's Third Amended Complaint—i.e., his fourth Complaint—alleges that he "worked for Defendants as a property maintenance man from on or about 2001 through on or about December 31, 2012" (¶ 12).[1]  In pertinent part, the Third Amended Complaint also alleges, in conclusory fashion, that:

---

[1] Which is impossible vis-a-vis Diego Molinari, whose affidavit filed in this action

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

6. The individual Defendant ***DIEGO MOLINARI*** is a corporate officer and/or owner and/or manager of the Defendant Companies who ran the day-to-day operations of the Defendant Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and ***was therefore Plaintiff's employer*** as defined by 29 U.S.C. 203 (d).

….

11…. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.[2]

….

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act….

14. ***Upon information and belief***, the Defendant Companies had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011, and 2012.[3]

---

verifies that he only "moved from Argentina to Miami in October of 2009," and, further, that "Global Development was formed on December 3, 2009" (¶¶ 34, 59).

[2]  As verified in the Affidavit of Diego Molinari, in fact Mr. Diaz was a property maintenance man, who worked *and* lived in the closed and shuttered Langford Building (built in downtown Miami in 1925), and who was the sole and exclusive employee of The New Langford, LLC (¶¶ 3-17).

[3]  As verified in the Affidavit of Diego Molinari, Mr. Diaz's "information and

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

15. Defendants, GLOBAL DEVELOPMENT CONSULTANT INC. and THE NEW LANGFORD, L.L.C., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control are being done for a common business purpose.

….

18. Individual Defendant ***DIEGO MOLINARI was Plaintiff's individual employer*** pursuant to 29 U.S.C. §203(d) as set forth above.

…

20. ***Defendants*** willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. ***Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above***.

---

belief" is not true or correct, to wit:

66. Accordingly, the combined gross revenues, sales, and income for all defendants, for each of the years 2007, 2008, 2009, 2010, 2011, and 2012, totaled:

- 2007 = $ 89,509.00
- 2008 = $  4,608.00
- 2009 = $      3.00
- 2010 = $ 40,992.00
- 2011 = $ 73,113.00
- 2012 = $      0.00

67. Consequently, the combined gross revenues, sales, and income for all four of the defendants—***combined***—for the years 2007, 2008, 2009, 2010, 2011, and 2012—***combined***—totaled only **$208,225**.

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

Wherefore, ***the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally***, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury*** (emphasis added).

The Defendants' Answer, Defenses, and Affirmative Defenses to the Third Amended Complaint, which was filed and served on September 22, 2014, raises 12 defenses and affirmative defenses, including lack of subject-matter jurisdiction, statute of limitations, set-off, recoupment, and good faith.

## II. DISCUSSION

As quoted above, Mr. Diaz has sued two company as well as two individual defendants, alleged that he was employed by the Defendants, and that "Defendants willfully and intentionally refused to pay" him, and he demanded "double damages and reasonable attorney fees from Defendants, jointly and severally." Defendants answered jointly, and raised their defenses and affirmative defenses jointly.

In a FLSA decision which is on-point and persuasive, Judge Cohn held:

A defaulted defendant is deemed to "admit[] the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*; *accord Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). "***Entry of judgment by default is a drastic remedy which should be used only in extreme situations***." *Wahl [v. McIver]*, 773 F.2d at 1169 [(11th Cir.

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

1985)]. *"There is a strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court*." *Owens v. Benton*, 190 Fed. Appx. 762, 763 (11th Cir. 2006).

"*Courts have recognized . . . that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments*." *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987). The Supreme Court recognized this proposition in *Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872). In Frow, the plaintiff filed a complaint charging eight defendants with a "joint conspiracy" to defraud him of a piece of real property. Of these eight defendants, Frow failed to file a timely answer and the district court entered a pre-trial default judgment against him. The district court ultimately decided the merits of the case against the plaintiff and dismissed the complaint. Frow appealed the default judgment to the Supreme Court. Ruling in favor of Frow, the Supreme Court wrote:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the other, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such acts of incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

*Id*. at 554.

> Modern courts have interpreted Frow to stand for the following proposition: [I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it

5

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

> failed to participate in the proceeding in which the exculpatory facts were proved.

*Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986).

***Several Circuits, including the Eleventh, have found Frow applies to situations where defendants are jointly and severally liable, or have closely related defenses***…. *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967). Other federal courts have applied the Frow doctrine more narrowly, such as in cases of true joint liability or cases where the defaulting defendant cannot be liable unless the non-defaulting defendants are liable. *See, e.g., McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319 (8th Cir. 1997)(Frow not extended to a situation where the co-defendants share closely related interests but are not truly jointly liable); *Whelan v. Abell*, 953 F.2d 663, 674-75, 293 U.S. App. D.C. 267 (D.C. Cir. 1992)(Frow should apply only when liability is truly joint or necessary for effective relief); *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256-58 (7th Cir. 1980)(Frow rule not extended to cases of joint and several liability if results are not logically inconsistent or contradictory).

According to Wright, Miller and Kane, the "key" in deciding the application of Frow to individual cases is to "recognize that the Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent. If that is not the case, then a default against one defendant may stand, even though the remaining defendants are found not liable." 10A Wright, Miller & Kane, Federal Practice and Procedure § 2690 (3d ed. 1998 & Supp. 2009). Even courts that take a limited view of the continued force of Frow conclude that the case controls "in situations where the liability of one defendant necessarily depends upon the liability of the others." *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n. 4 (2d Cir. 1976); *see also In re Uranium*, 617 F.2d at 1257.

***Plaintiff's FLSA claim is brought against all Defendants. Further, because a corporate defendant can act only through its employees and agents, the FLSA claim asserted against Defendant***

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

> ***Guacamole's Authentic Mexican Food & More, LLC is based on
> allegations regarding the other individual Defendants' actions****….
> Accordingly, the defenses of the individual Defendants will be
> "closely related" to the defenses of corporate Defendant
> Guacamole's Authentic Mexican Food & More, LLC****,… and a
> default judgment against Defendant Guacamole's Authentic
> Mexican Food & More, LLC would be inconsistent if the individual
> Defendants defeat the claims against them in this action. Therefore,
> the Court will deny Plaintiff's Motion without prejudice, pending
> adjudication of this case on the merits*.

*Rodriguez v. Guacamole's Authentic Mexican Food and More, LLC*, CASE NO.:

11-62527-CIV-COHN/SELTZER,   LEXIS   29116   (S.D.   Fla.   March   6,

2012)(emphasis added).

Citing this Court's decision in *Rodriguez*, the Middle District denied a FLSA

Plaintiff's Renewed Motion for Entry of Default Final Judgment and held:

> ***Here, entering default judgment against Defendant Pro
> Quality Concrete, Inc. at this time has the potential to result in
> inconsistent judgments. Plaintiff's FLSA claims are brought against
> both Defendants, and if liability is found, Defendants would be
> jointly and severally liable****. See Patel v. Wargo* , 803 F.2d 632, 637-
> 38 (11th Cir. 1986)(quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511
> (1st Cir. 1983)(noting that an individual "with operational control of a
> corporation's covered enterprise is an employer along with the
> corporation, jointly and severally liable under the FLSA for unpaid
> wages")). ***Moreover, "because a corporate defendant can only act
> through its employees and agents,****" Rodriguez*, 2012 U.S. Dist.
> LEXIS 29116, 2012 WL 718688, at *3, ***Defendants likely have
> "closely related defenses,****"* 2012 U.S. Dist. LEXIS 29116, [WL] at *2.
> Here, Defendant Napier is the only person alleged to have owned and
> operated Defendant Pro Quality Concrete, Inc., and those two parties
> are the only named Defendants. ***Therefore, if the Court were to enter
> default judgment against Defendant Pro Quality Concrete, Inc. and
> Defendant Napier were to successfully present a valid defense,***

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

> ***inconsistent judgments could result***. See Michaud, 2007 U.S. Dist.
> LEXIS 44375, 2007 WL 1696014, at \*1 (declining to enter a default
> judgment in a similar situation); *Rodriguez*, 2012 U.S. Dist. LEXIS
> 29116, 2012 WL 718688, at \*3 (same). ***Accordingly, the relief***
> ***requested in the Motion should be denied without prejudice pending***
> ***adjudication of the claims against Defendant Napier***.

*Staton v. Pro Quality Concrete, Inc.*, Case No. 3:11-cv-1142-J-12JRK, LEXIS

122799 (Fla. M.D. Aug. 2, 2012), *adopted* LEXIS 123035 (M.D. Fla. Aug. 29,

2012)(emphasis added).

Mr. Diaz FLSA claims are brought against all of the Defendants, and his

demands for judgment are against all of the Defendants jointly and severally.  The

company Defendants allegedly acted by and through the individual Defendants.

The defenses and affirmative defenses of the company and individual Defendants

are coterminous.  A default judgment against the company Defendants would be

inconsistent if the individual Defendants defeat Mr. Diaz's claims against them at

the jury trial in this action.  Accordingly, Mr. Diaz's Plaintiff's Motion for Final

Default Judgment should be denied, without prejudice. *Guacamole's*; *Pro Quality*.

Moreover,

> [A] defendant's default alone does not require the court to enter a
> default judgment. *DIRECTV, Inc. v. Trawick*, 359 F. Supp. 2d 1204,
> 1206 (M.D. Ala. 2005). To enter a judgment, there must be sufficient
> basis in the pleadings to support the relief sought. *Id*. "The defendant
> is not held to admit facts that are not well-pleaded or to admit
> conclusions of law. In short, . . . a default is not treated as an absolute
> confession of the defendant of his liability and of the plaintiff's right

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

> to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515
> F.2d 1200, 1206 (5th Cir. 1975).

*Loos v. Club Paris, LLC*, 684 F. Supp. 2d 1328, 1333 (M.D. Fla. 2010); *De Lotta v. Dezenzo's Italian Restaurant, Inc.,* Case No. 6:08-cv-2033-Orl-22KRS, LEXIS 110257 at **3, 4 (M.D. Fla. 2009).

Like its three predecessors,[4] Mr. Diaz's Third Amended Complaint is replete with legal conclusions, several of which are erroneous. For example, the Third Amended Complaint alleges that "the Defendants' enterprise was a strictly international one: the Defendants, alongside the other joint enterprise companies mentioned below, operated abroad while maintaining business and properties within Florida" (¶ 12). "However, FLSA does not extend to territories over which US has no jurisdiction…." *Robinson v. Harbert International, Inc.*, 743 F. Supp. 797 (N.D. Ala. 1989), *affd. without opion*, 912 F.2d 1423 (11th Cir. 1990).

Similarly, based only upon his "information and belief," Mr. Diaz alleges that "the Defendant Companies had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011, and 2012" (¶ 14). This is a threshold fact to establish jurisdiction in this action, but, *prima facie*, the "information and belief" of a "property maintenance man," concerning gross sales and business done by an international enterprise, is tantamount to speculation and conjecture.

---

[4] *See, i.e.*, this Court's Order Granting Defendants' Motion to Dismiss Second Amended Complaint (D.E. 57).

9

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

Because Mr. Diaz's Third Amended Complaint carries forward most of the deficient allegations and conclusions denounced in the Order Granting Defendants' Motion to Dismiss Second Amended Complaint, there is not a sufficient basis in the pleadings to support the relief sought by Mr. Diaz at this time. *Loos*; *De Lotta*.

Furthermore, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded. *See* 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2688 at 58-59 (3d ed. 1998)." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999); *Clark v. Three Mulligans, LLC*, Case No: 6:13-cv-1801-Orl-40KRS, LEXIS 179346 at *3 (M.D. Fla. Dec. 16, 2014), *adopted*, LEXIS 852 (M.D. Fla. Jan. 6, 2015).

Finally, Mr. Diaz has requested a jury trial, he has not moved to withdraw his request, and the Defendants have not waived their rights to a jury trial.

> When a plaintiff demands a jury trial, the defendant is entitled to a jury trial on unliquidated damages, regardless of whether default judgment has been entered against the defendant…. Moreover, a demand for a jury trial may not be withdrawn without the consent of the parties and any waiver of the right to a jury trial must be manifested by affirmative action such as 'a specific waiver in writing or by announcement in open court."

*Loos v. Club Paris, LLC*, 684 F. Supp. 2d 1328, 1336 (M.D. Fla. 2010).

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

WHEREFORE, Diego Molinari respectfully requests this Court enter an order

denying Plaintiff's Motion for Final Default Judgment, without prejudice, pending

adjudication of the individual Defendants' claims and defenses at a trial by jury.

s/John H. Patterson Jr.
John H. Patterson Jr.
Florida Bar No. 0516597
pat@pattersonsweeny.com
Patterson & Sweeny, P.A.
Counsel for Defendants
2601 S. Bayshore Drive
SBS Tower, Suite 1100
Miami, Florida 33133
305.350.9000 Telephone
305.372.3940 Facsimile

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing, Memorandum in Opposition to Plaintiff's Motion for Final Default Judgment, was served on all counsel or parties of record and electronically filed with the Clerk of the Court on February 12, 2013 using CM/ECF.

s/John H. Patterson Jr.
John H. Patterson Jr.

**SERVICE LIST**
**Carlos German Diaz v. Global Development Consultant, Inc., *et al*.**
**CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN**
**United States District Court – Southern District of Florida**

Julia Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
J. H. Zidell, PA
300 71st Street
Suite 605

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Daniel T. Feld
DanielFeld.Esq@gmail.com
J. H. Zidell, PA
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Jamie H. Zidell
Zabogado@aol.com
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Carlos Juan Molinari
cjm_2003@hotmail.com
jestebanvillar@yahoo.com.ar
c/o REI Fiduciaria S.A.
Av. Libertador 5926 2º Piso "A" Sur, CPA: C1001ABF
Buenos Aires, Argentina
Served via Notice of Electronic Filing and U.S. Mail

Global Development Consultant, Inc.
c/o Diego Molinari, Vice President
The New Langford, LLC
c/o Diego Molinari, Manager

12

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

diegomolinari@live.com
1685 Yellowheart Way
Hollywood, Florida  33019
Company Defendant
Served via Notice of Electronic Filing and U.S. Mail

Diego Molinari
diegomolinari@live.com
1685 Yellowheart Way
Hollywood, Florida  33019
Individual Defendant
Served via Notice of Electronic Filing and U.S. Mail

[PAT\1369-014\FJ.DEFAULT.OPPOSE.MM]