**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 13-20729-CIV-LENARD/GOODMAN

CARLOS GERMAN DIAZ,

Plaintiff,

vs.

GLOBAL DEVELOPMENT
CONSULTANT INC., *et al.*,

Defendants.
____________________________/

**DIEGO MOLINARI'S MOTION FOR RELIEF FROM,**
**AND TO SET ASIDE, THE DEFAULT FINAL JUDGMENT**

Defendant, Diego Molinari, moves this Court for relief from, and to set aside, the Default Final Judgment entered in favor of the plaintiff, Carlos German Diaz ("Mr. Diaz"), pursuant to Rules 54, 55, and 60, Federal Rules of Civil Procedure, files his incorporated memorandum of law in support thereof and, as good cause shown therefor, misrepresentations of facts, and reasons that justify relief, states:

## I. OVERVIEW

On February 2, 2015, Mr. Diaz served Plaintiff's Motion for Final Default Judgment (DE 99), and Affidavit of Carlos German Diaz (DE 99-1). Accordingly, Diego Molinari should have had 14 days to serve his opposing memorandum of law, i.e., through Tuesday, February 17, 2015 (the next business day following

President's Day), plus an additional three days, i.e., through Friday, February 20, 2015. S.D. Fla. L.R. 7.1(c)(1). However, last Thursday, February 12, 2015, Mr. Diaz's form of Final Default Judgment was entered eight days *before* opposing memoranda of law were due to be served (DE 100). *Id*.[1]

Mr. Diaz's Final Default Judgment is procedurally erroneous because it was entered against two of the four defendants in this action—whom, Mr. Diaz alleges, are jointly and severally liable, and whom have raised 12 joint defenses—without any express determination by this Court "that there is no just reason for delay"—in contravention of Rule 54(b).

Mr. Diaz's Final Default Judgment is substantively erroneous because it is supported by misrepresentations of fact, and because "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.'" *Hovey v. Froggy's Saloon, Inc.*, Case No: 6:14-cv-632-Orl-40TBS, LEXIS 150133 at ** 3, 4 (M.D. Fla. Oct. 3, 2014), *adopted*, LEXIS 149970 (M.D. Fla. Oct. 22, 2014).

[1] Reminiscent of the Japanese Declaration of War on the United States, which, due to decoding delays, was delivered two hours *after* the attack on Pearl Harbor had begun, Diego Molinari's Memorandum in Opposition to Plaintiff's Motion for Final Default Judgment was filed 54 minutes *after* the Final Default Judgment was served (DE 101). Mr. Molinari prays that the outcome here bodes better for him!

Based upon two persuasive FLSA opinions discussed below, i.e., *Rodriguez v. Guacamole's Authentic Mexican Food and More, LLC*, CASE NO.: 11-62527-CIV-COHN/SELTZER, LEXIS 29116 (S.D. Fla. March 6, 2012), and *Staton v. Pro Quality Concrete, Inc.*, Case No. 3:11-cv-1142-J-12JRK, LEXIS 122799 (Fla. M.D. Aug. 2, 2012), *adopted* LEXIS 123035 (M.D. Fla. Aug. 29, 2012), and the misrepresentations supporting the Final Default Judgment, this Court should set aside that judgment, deny Plaintiff's Motion for Final Default Judgment, *without prejudice*, and hear this case on the merits to avoid prejudicing Diego Molinari.

## II. RULES 54, 55, AND 60

Rule 54 states: "When an action presents more than one claim for relief… or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties ***only if the court expressly determines that there is no just reason for delay***." Fed.R.Civ.P. 54 (emphasis added). Rule 55 states that the "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). The grounds in Rule 60 include "misrepresentation" and "any other reason that justifies relief." Fed.R.Civ.P. 60(b).

## III. JOINT CLAIMS AND DEFENSES

Mr. Diaz's Third Amended Complaint—i.e., his fourth Complaint—alleges that he "worked for Defendants as a property maintenance man from on or about

2001 through on or about December 31, 2012" (¶ 12).[2] In pertinent part, the Third Amended Complaint also alleges, in conclusory fashion, that:

> 6. The individual Defendant ***DIEGO MOLINARI*** is a corporate officer and/or owner and/or manager of the Defendant Companies who ran the day-to-day operations of the Defendant Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and ***was therefore Plaintiff's employer*** as defined by 29 U.S.C. 203 (d).
>
> ….
>
> 11…. Both the ***Defendants' business and the Plaintiff's work for the Defendants*** affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that ***the Fair Labor Standards Act applies to Plaintiff's work for the Defendants***.[3]
>
> ….
>
> 13. Additionally, ***Defendants regularly employed two or more employees*** for the relevant time period who handled goods or materials that travelled through interstate commerce, or used

[2] Which misrepresents the irrefutable fact that Diego Molinari only "moved from Argentina to Miami in October of 2009," and "Global Development was formed on December 3, 2009," as verified in the Affidavit of Diego Molinari in Support of Motion for Rehearing, *Etc*. filed contemporaneously herewith (¶¶ 37, 62).

[3] As verified in the Affidavit of Diego Molinari in Support of Motion for Rehearing, *Etc*., Mr. Diaz was a property maintenance man, who worked *and* lived in the closed and shuttered circa 1925 Langford Building, and who was the sole and exclusive employee of The New Langford, LLC (¶¶ 5-20).

> instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act….
>
> 14. ***Upon information and belief***, the Defendant Companies had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011, and 2012.[4]
>
> 15. Defendants, GLOBAL DEVELOPMENT CONSULTANT INC. and THE NEW LANGFORD, L.L.C., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control are being done for a common business purpose.
>
> ….
>
> 18. Individual Defendant ***DIEGO MOLINARI was Plaintiff's individual employer*** pursuant to 29 U.S.C. §203(d) as set forth above.
>
> …
>
> 20. ***Defendants willfully and intentionally refused to pay Plaintiff's overtime wages*** as required by the Fair Labor Standards

[4] As verified in the Affidavit of Diego Molinari in Support of Motion for Rehearing, *Etc*., Mr. Diaz's information and belief misrepresents the facts, to wit:

> 69. Accordingly, the combined gross revenues, sales, and income for all defendants, for each of the years 2007, 2008, 2009, 2010, 2011, and 2012, totaled:
>
> - 2007 = $ 89,509.00
> - 2008 = $ 4,608.00
> - 2009 = $ 3.00
> - 2010 = $ 40,992.00
> - 2011 = $ 73,113.00
> - 2012 = $ 0.00
>
> 70. Consequently, the combined gross revenues, sales, and income for all four of the defendants—***combined***—for the years 2007, 2008, 2009, 2010, 2011, and 2012—***combined***—totaled only **$208,225**.

> Act ***as Defendants knew*** of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. ***Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above***.
>
> Wherefore, ***the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally***, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury*** (emphasis added).

The Defendants' Answer, Defenses, and Affirmative Defenses to the Third Amended Complaint, which was filed and served on September 22, 2014, ***jointly*** raises 12 defenses and affirmative defenses, including, *prima facie*, lack of subject-matter jurisdiction, statute of limitations, set-off, recoupment, and good faith.

## IV. DISCUSSION

Mr. Diaz has sued two company and two individual defendants, he has alleged that he was employed by the Defendants since 2001, he has alleged that "Defendants willfully and intentionally refused to pay" him, and he has demanded "double damages and reasonable attorney fees from Defendants, jointly and severally." Accordingly, the Defendants answered Mr. Diaz jointly, and they raised defenses and affirmative defenses against Mr. Diaz jointly.

In an FLSA decision which is on-point and persuasive, Judge Cohn held:

A defaulted defendant is deemed to "admit[] the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*; *accord Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). "***Entry of judgment by default is a drastic remedy which should be used only in extreme situations***." *Wahl [v. McIver]*, 773 F.2d at 1169 [(11th Cir. 1985)]. "***There is a strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court***." *Owens v. Benton*, 190 Fed. Appx. 762, 763 (11th Cir. 2006).

"***Courts have recognized . . . that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments***." *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987). The Supreme Court recognized this proposition in *Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872). In *Frow*, the plaintiff filed a complaint charging eight defendants with a "joint conspiracy" to defraud him of a piece of real property. Of these eight defendants, Frow failed to file a timely answer and the district court entered a pre-trial default judgment against him. The district court ultimately decided the merits of the case against the plaintiff and dismissed the complaint. Frow appealed the default judgment to the Supreme Court. Ruling in favor of Frow, the Supreme Court wrote:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the other, then ***this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants and another decree disaffirming the said charge, and declaring it to be entirely unfounded***, and dismissing the complainant's bill. And such acts of incongruity, it seems, did actually occur in this case. ***Such a state of things is unseemly and absurd, as well as unauthorized by law***.

*Id*. at 554.

> Modern courts have interpreted *Frow* to stand for the following proposition: [I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.

*Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986).

***Several Circuits, including the Eleventh, have found Frow applies to situations where defendants are jointly and severally liable, or have closely related defenses***…. *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967). Other federal courts have applied the Frow doctrine more narrowly, such as in cases of true joint liability or cases where the defaulting defendant cannot be liable unless the non-defaulting defendants are liable. *See, e.g., McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319 (8th Cir. 1997)(Frow not extended to a situation where the co-defendants share closely related interests but are not truly jointly liable); *Whelan v. Abell*, 953 F.2d 663, 674-75, 293 U.S. App. D.C. 267 (D.C. Cir. 1992)(Frow should apply only when liability is truly joint or necessary for effective relief); *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256-58 (7th Cir. 1980)(Frow rule not extended to cases of joint and several liability if results are not logically inconsistent or contradictory).

According to Wright, Miller and Kane, the "key" in deciding the application of Frow to individual cases is to "recognize that the Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent. If that is not the case, then a default against one defendant may stand, even though the remaining defendants are found not liable." 10A Wright, Miller & Kane, Federal Practice and Procedure § 2690 (3d ed. 1998 & Supp. 2009). Even courts that take a limited view of the continued force of Frow

> conclude that the case controls "in situations where the liability of one defendant necessarily depends upon the liability of the others." *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n. 4 (2d Cir. 1976); *see also In re Uranium*, 617 F.2d at 1257.
>
> ***Plaintiff's FLSA claim is brought against all Defendants. Further, because a corporate defendant can act only through its employees and agents, the FLSA claim asserted against Defendant Guacamole's Authentic Mexican Food & More, LLC is based on allegations regarding the other individual Defendants' actions*.... *Accordingly, the defenses of the individual Defendants will be "closely related" to the defenses of corporate Defendant Guacamole's Authentic Mexican Food & More, LLC*,... *and a default judgment against Defendant Guacamole's Authentic Mexican Food & More, LLC would be inconsistent if the individual Defendants defeat the claims against them in this action. Therefore, the Court will deny Plaintiff's Motion without prejudice, pending adjudication of this case on the merits***.

*Rodriguez v. Guacamole's Authentic Mexican Food and More, LLC*, CASE NO.: 11-62527-CIV-COHN/SELTZER, LEXIS 29116 (S.D. Fla. March 6, 2012)(emphasis added).

Citing this Court's decision in *Rodriguez*, the Middle District denied a FLSA Plaintiff's Renewed Motion for Entry of Default Final Judgment and held:

> ***Here, entering default judgment against Defendant Pro Quality Concrete, Inc. at this time has the potential to result in inconsistent judgments. Plaintiff's FLSA claims are brought against both Defendants, and if liability is found, Defendants would be jointly and severally liable***. *See Patel v. Wargo* , 803 F.2d 632, 637-38 (11th Cir. 1986)(quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)(noting that an individual "with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages")). ***Moreover, "because a corporate defendant can only act***

> ***through its employees and agents***," *Rodriguez*, 2012 U.S. Dist. LEXIS 29116, 2012 WL 718688, at *3, ***Defendants likely have "closely related defenses,***" 2012 U.S. Dist. LEXIS 29116, [WL] at *2. Here, Defendant Napier is the only person alleged to have owned and operated Defendant Pro Quality Concrete, Inc., and those two parties are the only named Defendants. ***Therefore, if the Court were to enter default judgment against Defendant Pro Quality Concrete, Inc. and Defendant Napier were to successfully present a valid defense, inconsistent judgments could result***. See Michaud, 2007 U.S. Dist. LEXIS 44375, 2007 WL 1696014, at *1 (declining to enter a default judgment in a similar situation); *Rodriguez*, 2012 U.S. Dist. LEXIS 29116, 2012 WL 718688, at *3 (same). ***Accordingly, the relief requested in the Motion should be denied without prejudice pending adjudication of the claims against Defendant Napier***.

*Staton v. Pro Quality Concrete, Inc.*, Case No. 3:11-cv-1142-J-12JRK, LEXIS 122799 (Fla. M.D. Aug. 2, 2012), *adopted* LEXIS 123035 (M.D. Fla. Aug. 29, 2012)(emphasis added).

Mr. Diaz FLSA claims are brought against all of the Defendants, and his demands for judgment are against all of the Defendants jointly and severally. The company Defendants allegedly acted by and through the individual Defendants. The defenses and affirmative defenses of the company and individual Defendants are coterminous. A default judgment against the company Defendants would be inconsistent if the individual Defendants defeat Mr. Diaz's claims against them at the jury trial in this action. Accordingly, Mr. Diaz's Plaintiff's Motion for Final Default Judgment should be denied, without prejudice. *Guacamole's*; *Pro Quality*.

Independent of, and in addition to, the foregoing grounds:

> [A] defendant's default alone does not require the court to enter a default judgment. *DIRECTV, Inc. v. Trawick*, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a judgment, there must be sufficient basis in the pleadings to support the relief sought. *Id*. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

*Loos v. Club Paris, LLC*, 684 F. Supp. 2d 1328, 1333 (M.D. Fla. 2010); *De Lotta v. Dezenzo's Italian Restaurant, Inc.,* Case No. 6:08-cv-2033-Orl-22KRS, LEXIS 110257 at **3, 4 (M.D. Fla. 2009).

Like its three predecessors,[5] Mr. Diaz's Third Amended Complaint is replete with legal conclusions, several of which are erroneous. For example, the Third Amended Complaint alleges that "the Defendants' enterprise was a strictly international one: the Defendants, alongside the other joint enterprise companies mentioned below, operated abroad while maintaining business and properties within Florida" (¶ 12). "However, FLSA does not extend to territories over which US has no jurisdiction…." *Robinson v. Harbert International, Inc.*, 743 F. Supp. 797 (N.D. Ala. 1989), *affd. without opinion*, 912 F.2d 1423 (11th Cir. 1990).

Similarly, based only upon his "information and belief," Mr. Diaz alleges that "the Defendant Companies had gross sales or business done in excess of $500,000

---

[5] *See, i.e.*, this Court's Order Granting Defendants' Motion to Dismiss Second Amended Complaint (D.E. 57).

annually for the years 2009, 2010, 2011, and 2012" (¶ 14). This is a threshold fact to establish jurisdiction in this action, but, *prima facie*, the "information and belief" of a "property maintenance man," concerning gross sales and business done by an international enterprise, is tantamount to speculation and conjecture.

Because Mr. Diaz's Third Amended Complaint carries forward most of the deficient allegations and conclusions denounced in the Order Granting Defendants' Motion to Dismiss Second Amended Complaint, there is not a sufficient basis in the pleadings to support the relief sought by Mr. Diaz at this time. *Loos*; *De Lotta*.

Furthermore, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded. *See* 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2688 at 58-59 (3d ed. 1998)." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999); *Clark v. Three Mulligans, LLC*, Case No: 6:13-cv-1801-Orl-40KRS, LEXIS 179346 at *3 (M.D. Fla. Dec. 16, 2014), *adopted*, LEXIS 852 (M.D. Fla. Jan. 6, 2015).

Finally, Mr. Diaz has requested a jury trial, he has not moved to withdraw his request, and the Defendants have not waived their rights to a jury trial.

> When a plaintiff demands a jury trial, the defendant is entitled to a jury trial on unliquidated damages, regardless of whether default judgment has been entered against the defendant…. Moreover, a

> demand for a jury trial may not be withdrawn without the consent of the parties and any waiver of the right to a jury trial must be manifested by affirmative action such as 'a specific waiver in writing or by announcement in open court."

*Loos v. Club Paris, LLC*, 684 F. Supp. 2d 1328, 1336 (M.D. Fla. 2010).

WHEREFORE, Diego Molinari respectfully requests this Court enter an order granting relief from and setting aside Mr. Diaz's Default Final Judgment, and denying Plaintiff's Motion for Final Default Judgment, *without prejudice*, pending adjudication of the individual Defendants' claims and defenses at a trial by jury.

s/John H. Patterson Jr.
John H. Patterson Jr.
Florida Bar No. 0516597
pat@pattersonsweeny.com
Patterson & Sweeny, P.A.
Counsel for Defendants
2601 S. Bayshore Drive, Ste. 1100
Miami, Florida 33133
305.350.9000 Telephone
305.372.3940 Facsimile

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED AND UNABILE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has attempted to confer with counsel for Mr. Diaz, in a good faith effort to resolve the issues, but, because they have failed or refused to reply, it can be inferred that they must not be in agreement with the relief sought in this motion.

s/John H. Patterson Jr.
John H. Patterson Jr.

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing, Diego Molinari's Motion for Relief from, and to Set Aside, the Default Final Judgment, incorporated memorandum of law in support thereof, and attached Affidavit of Diego Molinari in Support of Motion for Rehearing, *Etc*., was served on all counsel or parties of record and electronically filed with the Clerk of the Court on February 18, 2013 using CM/ECF.

s/John H. Patterson Jr.
John H. Patterson Jr.

**SERVICE LIST**
**Carlos German Diaz v. Global Development Consultant, Inc., *et al*.**
**CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN**
**United States District Court – Southern District of Florida**

Julia Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
J. H. Zidell, PA
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Daniel T. Feld
DanielFeld.Esq@gmail.com
J. H. Zidell, PA
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Jamie H. Zidell
Zabogado@aol.com
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Carlos Juan Molinari
cjm_2003@hotmail.com
jestebanvillar@yahoo.com.ar
c/o REI Fiduciaria S.A.
Av. Libertador 5926 2º Piso "A" Sur, CPA: C1001ABF
Buenos Aires, Argentina
Served via Notice of Electronic Filing and U.S. Mail

Global Development Consultant, Inc.
c/o Diego Molinari, Vice President
The New Langford, LLC
c/o Diego Molinari, Manager
diegomolinari@live.com
1685 Yellowheart Way
Hollywood, Florida 33019
Company Defendant
Served via Notice of Electronic Filing and U.S. Mail

Diego Molinari
diegomolinari@live.com
1685 Yellowheart Way
Hollywood, Florida 33019
Individual Defendant
Served via Notice of Electronic Filing and U.S. Mail

[PAT\1369-014\RELIEF.MF.DM]