UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20729-CIV-LENARD/GOODMAN

CARLOS GERMAN DIAZ,

    Plaintiff,

vs.

GLOBAL DEVELOPMENT CONSULTANT INC.,
THE NEW LANGFORD, L.L.C.,
CARLOS J. MOLINARI,
DIEGO MOLINARI,

    Defendants.

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM, AND TO SET ASIDE, THE DEFAULT JUDGMENT**

COMES NOW, Plaintiff, by and through undersigned counsel, and hereby files Plaintiff's Response in Opposition to Defendants' Motion for Relief from, and to Set Aside, the Default Judgment, and in support thereof states as follows:

1. Defendants seek to set aside this Court's Final Default Judgment based upon alleged misrepresentation of facts and "reasons that justify relief." Defendants claim that the entry of the Final Default Judgment against the corporate Defendants and in favor of Plaintiff was procedurally erroneous.

2. As will be demonstrated in this Response, after failing to comply with the Court's order to substitute counsel or show cause as to why default should not be entered against them by the Court's deadline of January 19, 2015, Defendants were on notice that Plaintiff's counsel would be forced to move for a default judgment or to show cause as to why Plaintiff's complaint should not be dismissed for lack of prosecution [D.E. 100].

3. Furthermore, Defendants failed to file a motion for extension of time or otherwise notify the court of Defendants' efforts to substitute counsel or to show cause as to why default should not be entered. In Defendants' above-described Motion, Defendants do not address this point. Therefore, the argued points in the Motion fail and should carry no weight with this Court.

### Memorandum of Law:

Federal Rule of Civil Procedure 55(c) states: "Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

### Culpable or Willful Conduct; Meritorious Defense; Prejudice:

Federal Rule of Civil Procedure 55(c) states: "Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Eleventh Circuit described the good cause standard as follows:

> " "Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one--but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Rafidain Bank,* 15 F.3d at 243; *see also Robinson v. United States,* 734 F.2d 735, 739 (11th Cir.1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey,* 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause' to set aside a default." *Id.*

> However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194-95 (6th Cir.1986).

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-952 (11th Cir. 1996). See also *Saperstein v. Palestinian Auth.*, 2008 WL 4467535 (S.D. Fla. Sept. 29, 2008) whereby the Court found that as a condition for lifting the default Defendants had to pay Plaintiff's reasonable attorneys fees and costs incurred in responding to the default related motions.

In the present case, the facts are tantamount to a party willfully defaulting and/or displaying an intentional or reckless disregard for judicial proceedings and as such, Defendants' Motion should be denied. *Compania Interamericana Exp.-Imp., S.A. v. Compania Domenicana De Aviacion*, 88 F.3d 948, 951-952 (11th Cir. 1996) (if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.) In the present case, Defendants have been afforded opportunities to comply with the Court's order, or, in the alternative, show cause as to why Defendant has not been able to comply with the Order, yet failed to address the Order until after the deadline to respond had lapsed. Despite being afforded an opportunity to cure, Defendants elected to willfully flaunt the rules and only elected to file their response once a clerk's default and final judgment had been entered.

As such, the Court need not analyze any of the remaining factors of good cause such as whether Plaintiff would be prejudiced or whether Defendants have a meritorious Defense. However, should the Court desire to analyze whether Plaintiff will be prejudiced, Plaintiff would state that he is prejudiced by the fact that Plaintiff's counsel has had to incur additional fees in

moving for a clerk's default and in responding to Defendants' Motion to vacate clerk's default judgment. The only way for Defendants to cure said prejudice is to pay Plaintiff his additional attorney's fees and costs as a precondition for the Court vacating the default as found by Judge Seitz in *Saperstein v. Palestinian Auth.*, 2008 WL 4467535 (S.D. Fla. Sept. 29, 2008).

However, Plaintiff contends that not only would Plaintiff suffer prejudice if the default is vacated but the system as a whole would be prejudiced. If the Court grants Defendants' Motion to vacate, it would create a slippery slope of where Defendants in the future may choose to answer a complaint at their own volition. The Court's deadlines would be unenforceable, as any Defendant would be allowed to answer a complaint at their whim, and then claim that they have a meritorious Defense in order to vacate the default. As such, any Defendant will be allowed to answer the complaint at their earliest convenience.

It is also clear that the Court has the inherent power to enter a judgment by default in order to facilitate the exercise of the Court's inherent power to manage its affairs. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985) (citing *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 887 (5th Cir.1968)). It is Plaintiff's request that this Court not allow this slippery slope to develop and therefore requests that this Court deny Defendants' motion vacate the clerks default or alternatively, if the Court is inclined to grant Defendants' Motion to Vacate, that the Court grant said motion conditionally and require to Defendants to pay Plaintiff's attorney fees in conjunction with the default proceedings pursuant to the Court's findings in *Saperstein v. Palestinian Auth.*, 2008 WL 4467535 (S.D. Fla. Sept. 29, 2008).

Wherefore, Plaintiff respectfully requests that the Court deny Defendants' Motion in its entirety, or alternatively award Plaintiff's reasonable attorney's fees in conjunction with the default proceedings in the event the Court desires to vacate the clerks default.

Respectfully Submitted,


J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street,   Suite 605
Miami Beach, Florida 33141
Tel: (305)865-6766
Fax: (305) 865 -7167
Email: cnc02g@gmail.com

By:_/s/ Julia M. Garrett_____
     Julia M. Garrett, Esq.
      Florida Bar Number: 0105151

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent via CM/ECF to John Howell Patterson, Jr., Patterson & Sweeny, PL, SBS Tower, 2601 S. Bayshore Dr., Suite 1100, Miami, FL 33133, email: pat@pattersonsweeny.com on March 4, 2015.

> J.H. Zidell, P.A.
> Attorney for Plaintiff
> 300 71st Street,   Suite 605
> Miami Beach, Florida 33141
> Tel: (305)865-6766
> Fax: (305) 865 -7167
> Email: cnc02g@gmail.com
>
> By:_/s/ Julia M. Garrett_____
>     Julia M. Garrett, Esq.
>     Florida Bar Number: 0105151