UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-20729-CIV-LENARD/GOODMAN

CARLOS GERMAN DIAZ,

    Plaintiff,

vs.

GLOBAL DEVELOPMENT
CONSULTANT INC., *et al.*,

    Defendants.
_____/

## **DIEGO MOLINARI'S MEMORANDUM OF LAW ON STANDING**

Defendant, Diego Molinari, submits this memorandum of law on the threshold issue of whether Individual Defendant Diego Molinari has standing to seek to set aside a final default judgment against two other Defendants, Defendant Global Development Consultant Inc. and Defendant The New Langford, L.L.C., pursuant to the Endorsed Order entered by this Court on July 30, 2015 (DE 125), and states:

### I. OVERVIEW

First, Mr. Diaz's form of Final Default Judgment was entered eight days *before* opposing memoranda of law were due to be served (DE 100), thereby depriving Diego Molinari of any opportunity to voice his opposition in the first instance. Second, Mr. Diaz's Final Default Judgment was entered against two of the four defendants in this action—who, Mr. Diaz alleges, are jointly and severally

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

liable, and who have raised 12 joint defenses—without an express determination "that there is no just reason for delay" in violation of Rule 54(b).

Third, "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.'" *Hovey v. Froggy's Saloon, Inc.*, Case No: 6:14-cv-632-Orl-40TBS, LEXIS 150133 at ** 3, 4 (M.D. Fla. Oct. 3, 2014), *adopted*, LEXIS 149970 (M.D. Fla. Oct. 22, 2014). Fourth, Diego Molinari has standing under Rule 60(b).

## II. JOINT LIABILITY AND COMMON DEFENSES

In pertinent part, the Third Amended Complaint alleges that:

> 6. The individual Defendant ***DIEGO MOLINARI is a corporate officer and/or owner and/or manager of the Defendant Companies who ran the day-to-day operations*** of the Defendant Companies for the relevant time period ***and was responsible for paying Plaintiff's wages*** for the relevant time period and controlled Plaintiff's work and schedule and ***was therefore Plaintiff's employer*** as defined by 29 U.S.C. 203 (d).
> ....
> 18. Individual Defendant ***DIEGO MOLINARI was Plaintiff's individual employer*** pursuant to 29 U.S.C. §203(d) as set forth above.
> ...
> Wherefore, ***the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally***, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury*** (emphasis added).

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

Mr. Diaz sued two companies and two individual defendants, he alleged that he was employed by the Defendant<u>s</u> since 2001, he alleged that "Defendants willfully and intentionally refused to pay" him, and he demanded "double damages and reasonable attorney fees from Defendants, jointly and severally." Therefore, all four Defendants answered Mr. Diaz jointly, and all four raised 12 defenses and affirmative defenses against Mr. Diaz jointly, including lack of subject-matter jurisdiction, statute of limitations, set-off, recoupment, and good faith.

### III.   INCONSISTENT FLSA JUDGMENTS

In an FLSA decision which is on-point and persuasive, Judge Cohn held:

> "*Courts have recognized . . . that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments.*" *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987). The Supreme Court recognized this proposition in *Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872).... Ruling in favor of Frow, the Supreme Court wrote:
>
>> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the other, then *this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants and another decree disaffirming the said charge, and declaring it to be entirely unfounded*, and dismissing the complainant's bill. And such acts of incongruity, it seems, did actually occur in this case. *Such a state of things is unseemly and absurd, as well as unauthorized by law.*
>> ....
>> *Plaintiff's FLSA claim is brought against all Defendants. Further, because a corporate defendant can act only through its*

3

*employees and agents,* the FLSA claim asserted against Defendant Guacamole's Authentic Mexican Food & More, LLC is based on allegations regarding the other individual Defendants' actions.... *Accordingly, the defenses of the individual Defendants will be "closely related" to the defenses of corporate Defendant* Guacamole's Authentic Mexican Food & More, LLC,... *and a default judgment against Defendant Guacamole's Authentic Mexican Food & More, LLC would be inconsistent if the individual Defendants defeat the claims against them in this action.* Therefore, the Court will deny Plaintiff's Motion without prejudice, pending adjudication of this case on the merits.

*Rodriguez v. Guacamole's Authentic Mexican Food and More, LLC*, CASE NO.: 11-62527-CIV-COHN/SELTZER, LEXIS 29116 (S.D. Fla. March 6, 2012) (emphasis added). Citing and quoting *Rodriguez*, the Middle District held:

> *Here, entering default judgment against Defendant Pro Quality Concrete, Inc. at this time has the potential to result in inconsistent judgments. Plaintiff's FLSA claims are brought against both Defendants, and if liability is found, Defendants would be jointly and severally liable.* See *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986).... (noting that an individual "with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages")). *Moreover, "because a corporate defendant can only act through its employees and agents,"* Rodriguez, 2012 U.S. Dist. LEXIS 29116, 2012 WL 718688, at *3, *Defendants likely have "closely related defenses,"*.... *Therefore, if the Court were to enter default judgment against Defendant Pro Quality Concrete, Inc. and Defendant Napier were to successfully present a valid defense, inconsistent judgments could result.... Accordingly, the relief requested in the Motion should be denied without prejudice pending adjudication of the claims against Defendant Napier.*

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

*Staton v. Pro Quality Concrete, Inc.*, Case No. 3:11-cv-1142-J-12JRK, LEXIS 122799 (Fla. M.D. Aug. 2, 2012), *adopted* LEXIS 123035 (M.D. Fla. Aug. 29, 2012)(emphasis added; citations deleted).

## IV.  STANDING

Citing the Eleventh Circuit opinion in *Kem Manufacturing Corp. v. Wilder*, 817 F.2d 1517, 1520-21 (11th Cir. 1987), the Northern District of Alabama held:

> Rule 60(b) entitles "a party or a party's legal representative" to seek relief from a final judgment. Rideout's, a member of the funeral home class in *Battle* which has joined Liberty National in opposing the Rule 60(b) motion now before the court, contends that the Taylors' children and Mrs. Elrod lack standing to collaterally attack the final judgment in *Battle* because they were neither parties nor representatives in the original litigation. Contrary to this argument, however, the court believes that the movants do have standing to bring a Rule 60(b) challenge. First, the court has, in another order entered today, granted their motion to intervene formally in the *Battle* case, pursuant to Rule 24; thus, even technically speaking, the Taylors' children and Mrs. Elrod are now parties to the lawsuit. Second, the court previously included them as parties to the case during the 1985 injunction proceedings. ***Third and most importantly, as persons whose "rights were directly affected by the final judgment," they fit within the category of individuals with standing under Rule 60(b).*** See *Kem Manufacturing Corp. v. Wilder*, 817 F.2d 1517, 1520-21 (11th Cir. 1987).

*Battle v. Liberty Nat'l Life Ins. Co.*, 770 F. Supp. 1499, 1513 (N.D. Ala. 1991), *aff'd.*, 974 F.2d 1279, (11th Cir. 1992), *cert. denied*, 509 U.S. 906 (1993)(emphasis added; footnotes deleted). Diego Molinari has standing because his defenses are compromised or affected by the Final Default Judgment. *Id.*; *Rodriguez*; *Staton*.

5

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

WHEREFORE, Diego Molinari respectfully requests this Court enter an order granting relief from and setting aside Mr. Diaz's Default Final Judgment, and denying Plaintiff's Motion for Final Default Judgment, *without prejudice*, pending adjudication of the individual Defendants' claims and defenses at a trial by jury.

s/John H. Patterson Jr.
John H. Patterson Jr.
Florida Bar No. 0516597
pat@pattersonsweeny.com
Patterson & Sweeny, P.A.
Counsel for Defendants
2601 S. Bayshore Drive, Ste. 1100
Miami, Florida 33133
305.350.9000 Telephone
305.372.3940 Facsimile

s/John H. Patterson Jr.
John H. Patterson Jr.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing, Diego Molinari's Memorandum of Law on Standing, was served on all counsel or parties of record and electronically filed with the Clerk of the Court on July 31, 2015 using CM/ECF.

s/John H. Patterson Jr.
John H. Patterson Jr.

**SERVICE LIST**
Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
**CASE NO: 13-20729-CIV-LENARD/O'SULLIVAN**
United States District Court – Southern District of Florida

Julia Garrett
jgarrett.jhzidellpa@gmail.com

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

J. H. Zidell, PA
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Steven C. Fraser
steven.fraser.esq@gmail.com
PO Box 2038
Telephone: 305-809-6781
Attorney for Plaintiff
Served via Notice of Electronic Filing

Jamie H. Zidell
Zabogado@aol.com
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Carlos Juan Molinari
cjm_2003@hotmail.com
jestebanvillar@yahoo.com.ar
c/o REI Fiduciaria S.A.
Av. Libertador 5926 2º Piso "A" Sur, CPA: C1001ABF
Buenos Aires, Argentina
Served via Notice of Electronic Filing and U.S. Mail

Global Development Consultant, Inc.
c/o Diego Molinari, Vice President
The New Langford, LLC
c/o Diego Molinari, Manager
diegomolinari@live.com

7

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

1685 Yellowheart Way
Hollywood, Florida  33019
Company Defendant
Served via Notice of Electronic Filing and U.S. Mail

Diego Molinari
diegomolinari@live.com
1685 Yellowheart Way
Hollywood, Florida  33019
Individual Defendant
Served via Notice of Electronic Filing and U.S. Mail

[PAT\1369-014\RELIEF.MF.DM.RE]