UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20729-CV-LENARD/GOODMAN

CARLOS GERMAN DIAZ,

      Plaintiff,

v.

GLOBAL DEVELOPMENT
CONSULTANT INC., *et al.,*

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON DEFENDANT DIEGO MOLINARI'S
MOTION TO SET ASIDE DEFAULT FINAL JUDGMENT**

Defendant Diego Molinari ("Molinari") filed a Motion for Relief from, and to Set Aside, the Default Final Judgment ("Motion"). [ECF No. 102]. Plaintiff Carlos German Diaz ("Plaintiff") filed a response [ECF No. 106], and Molinari filed a reply [ECF No. 107]. United States District Court Judge Joan A. Lenard referred the Motion to the Undersigned. [ECF No. 108]. The Undersigned required the parties to each file a memorandum of law regarding the issue of whether Molinari has standing to request that the Court set aside the final default judgment entered against two co-defendants. [ECF No. 125]. Molinari and Plaintiff each filed a memorandum of law. [ECF Nos. 126; 130]. The Undersigned **respectfully recommends** that the District Court **grant** Molinari's Motion for the following reasons:

I.      Background

Plaintiff filed a complaint alleging two claims under the Fair Labor Standards Act ("FLSA"): (1) an overtime wage violation; and (2) a minimum wage violation. Plaintiff named as defendants Global Development Consultant Inc. ("Global"), The New Langford, L.L.C. ("New Langford"), Carlos J. Molinari, and Diego Molinari. Defendants Global and New Langford were previously represented by an attorney -- the same attorney representing the individual defendants. Defense counsel filed a motion to withdraw [ECF No. 85], and the Court denied the motion without prejudice and explained that Defendants Global and New Langford, as corporate entities, are prohibited from proceeding without counsel. [ECF No. 87 (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear *pro se*, and must be represented by counsel.")]. The Order also directed Defendants Global and New Langford to file, by January 19, 2015, either a motion to substitute counsel or show cause why default should not be entered against them. [ECF No. 87].

Defendants Global and New Langford failed to file the requested motion to substitute counsel or show cause why the Court should not enter default against them. On January 22, 2015, the Court entered default against Defendants Global and New Langford for failure to comply with the Court's Order. [ECF No. 98].

Plaintiff subsequently filed a motion for default judgment against Defendants Global and New Langford [ECF No. 99], and the Court entered Default Final Judgment against them, jointly and severally, in the amount of $95,192.40 [ECF No. 100].

Molinari filed the instant Motion, requesting that the Court set aside the default judgment and deny Plaintiff's Motion for Final Default Judgment, without prejudice, pending adjudication of the individual Defendants' claims and defenses at a trial by jury. Molinari contends that the final default judgment is erroneous because it was entered against the corporate Defendants (two of the four total defendants) that are jointly and severally liable, have raised joint defenses, and acted through the individual defendants.

He contends that a default judgment against the corporate Defendants would be inconsistent if the individual Defendants defeat Plaintiff's claims against them at the jury trial. [ECF No. 102, p. 10]. Thus, the individual defendants would still be responsible, under a joint and several liability theory, to pay the default judgment entered against the two corporate defendants -- even if a jury were to decide that they were not liable or that Plaintiff did not establish his required *prima facie* case.

II.    Standing to set aside a default judgment entered against co-defendants

Molinari seeks to set aside the default judgment entered against two of his co-defendants -- corporations which the Court entered default against for failure to comply

with its Order. Because Molinari seeks to set aside a default judgment that was not specifically entered against him, the Undersigned addresses standing.

Molinari contends he has standing because Plaintiff has alleged that Defendants are jointly and severally liable and that his defenses are compromised or affected by the default judgment, which could lead to inconsistent results. Plaintiff, on the other hand, contends that Molinari does not having standing because the Court or a jury could still find him not liable and the judgment was entered only against the corporate defendants. Therefore, Plaintiff contends, Molinari is not affected by his co-defendants' default and a legal interest of his is not threatened.

In his complaint raising FLSA claims, Plaintiff has alleged that the four defendants are jointly and severally liable -- two corporations and two individuals. [ECF No. 63, pp. 5, 7, 11 (Third Amended Complaint)]. "As the Eleventh Circuit has noted, 'the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Lira v. Matthew's Marine Air Conditioner, Inc.*, 741 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (quoting *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1160 (11th Cir. 2008)).

If two or more parties are jointly and severally liable, then each party is responsible for the liability of the other parties. *See Rodriguez v. Irwin*, No. 7:10-CV-102-

FL; 2011 WL 737316, at *4 (E.D. N.C. Feb. 23, 2011) (citing *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 517 n. 13 (4th Cir. 2002)). Under the theory of joint liability, if the plaintiff prevails, then he can seek full satisfaction of the damages awarded from any one of the defendants. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980); *Rodriguez*, 2011 WL 737316, at *4.

The possibility that a prevailing plaintiff could seek full satisfaction of the damages awarded to him against any of the defendants that are jointly and severally liable extends to a situation where one defendant in a multi-defendant case alleging several and joint liability defaults. The judgment against the defaulting defendant is executable against the non-defaulting defendant by virtue of the theory of joint liability alleged in the amended complaint. *See Rodriguez*, 2011 WL 737316, at *4.

Because the judgment is executable on the non-defaulting defendant, the non-defaulting defendant has standing to challenge the entry of default. *See In re Uranium*, 617 F.2d at 1256 n. 32 (finding the non-defaulting defendant had standing because of the potential economic harm to the non-defaulting defendant if plaintiff sought the damages awarded in the default judgment); *Rodriguez*, 2011 WL 737316, at *4 (stating that an appearing defendant had standing to challenge the entry of a default judgment against a non-appearing defendant because the judgment was executable against both defendants by virtue of the joint liability alleged in the complaint); *Diamond Services Corp. v. Oceanografia SA de CV*, No. 10-0177, 2014 WL 1120792, at *3 (W.D. La. Mar. 19,

2014) ("courts have held a defendant against whom liability has been alleged jointly and/or severally has standing to challenge an entry of default against a co-defendant.").

Here, the Undersigned finds that Molinari has standing to seek to set aside the default judgment entered against his corporate co-defendants because Plaintiff alleged that Defendants are jointly and severally liable and he could recover the awarded damages from Molinari or the other individual defendant.

III.     Motion to set aside default judgment entered against co-defendants

As previously mentioned, Molinari contends the Court should not have entered default judgment against the corporate Defendants because they are allegedly jointly and severally liable, they have raised joint defenses, and the corporations acted through the individual defendants. Further, he contends that a default judgment against the corporate Defendants would be inconsistent if the individual Defendants defeat Plaintiff's claims against them at the jury trial. [ECF No. 102, p. 10].

The Court may enter a default judgment against a party for failure to plead or otherwise defend the case and also as a sanction for failure to obey a pretrial order. *See* Fed. R. Civ. P. 55; Fed. R. Civ. P. 16. However, default judgments may not be appropriate if they will result in inconsistent judgments. *See Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, No. 11-62527-CIV, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012); *Staton v. Pro Quality Concrete, Inc.*, No. 3:11-cv-1142-J-12JRK, 2012 WL 3746009, at *2 (S.D. Fla. Aug. 2, 2012).

"The general rule, derived from the seminal case of *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), is that when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Mayorga v. Stamp Concrete & Pavers, Inc.*, No. 13-81274-CIV, 2015 WL 3556972, at *2 (S.D. Fla. June 4, 2015) (quotation omitted); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2690 (3d ed. 1998). The Eleventh Circuit has applied *Frow* to cases where defendants are jointly and severally liable, as well as where defendants have closely related defenses. *See Gulf Coast Fans*, 740 F.2d at 1512 ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"); *Guacamole*, 2012 WL 718688, at *2 ("Several Circuits, including the Eleventh, have found *Frow* applies to situations where defendants are jointly and severally liable, or have closely related defenses.").

The *Frow* Court wanted to avoid inconsistent adjudications. *Mayorga*, 2015 WL 3556972, at *2. In a case with multiple defendants where the plaintiff alleges the defendants are jointly and severally liable, inconsistent adjudications could occur if a default judgment were entered against only a portion of the defendants.

For instance, it is possible that the non-defaulting defendants will proceed with the case and defeat the claims raised against them. *See Guacamole*, 2012 WL 718688, at *3.

7

If that occurs, then the defaulting defendants would be liable for claims that they would have defeated if they had proceeded with the case, which would be "incongruous and unfair." *See Mayorga* 2015 WL 3556972, at *2 (citing *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)); *Staton*, 2012 WL 3746009, at *2.

Also, as another example, if, after default judgment is entered, the non-defaulting defendants are found liable and the plaintiff is awarded damages, then there could be two distinct damage awards on a single claim involving joint and several liability. *See In re Uranium*, 617 F.2d at 1262.

Here, Defendants Molinari and Carlos J. Molinari were named as corporate officers, owners, and/or managers of corporate Defendants Global and New Langford. As alleged corporate officers with operational control of a corporation, they, like the corporation, are employers that are jointly and severally liable under the FLSA. *See Lira*, 741 F. Supp. 2d at 1311.

The Court has entered default judgment against Defendants Global and New Langford and awarded $95,192.40 in damages. However, the Court has not made a determination on the claims raised against the individual defendants, who are allegedly jointly and severally liable. Both examples presented above could easily occur here -- the individual defendants could defeat the claims raised against them or the Court or a

8

jury could award damages to Plaintiff. Therefore, default judgment against the corporate Defendants has the potential in resulting in inconsistent judgments.

Accordingly, the Undersigned finds that it is improper to enter, at this time, default judgment against Defendants Global and New Langford. By recommending that the Court set aside the default judgment, the Undersigned is in no way condoning Defendants Global and New Langford's failure to comply with the Court's Order. *See Gulf Coast Inc.*, 740 F.2d at 1512. However, obligating Defendants Global and New Langford to pay for damages in the event that individual Defendants defeat the claims against them in this action would be inappropriate. Likewise, permitting Plaintiff to collect damages from the individual Defendants based on a default judgment against the corporate defendants would be inappropriate, unfair and inconsistent if a jury determined that the individuals were not liable or that the Plaintiff failed to prove his claim. *Id*.

IV.    Conclusion

Accordingly, the Court **respectfully recommends** that the District Court **grant** Molinari's motion and **set aside the default judgment** entered against Defendants Global and New Langford **without prejudice,** pending adjudication of the individual Defendants' claims and defenses.

V.      Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the Parties have

**14** days after being served with a copy of this Report and Recommendations to serve

and file written objections, if any, with the District Court. Each Party may file a

response to the other Party's objection within **14** days of the objection. Failure to file

timely objections shall bar the Parties from a de novo determination by the District

Court of an issue covered in this Report and Recommendations and bar the Parties from

attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847

F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August

23, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
The Honorable Joan A. Lenard
All Counsel of Record