UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20729-CIV-LENARD/GOODMAN

CARLOS GERMAN DIAZ,

    Plaintiff,

vs.

GLOBAL DEVELOPMENT
CONSULTANT INC., *et al.*,

    Defendants.
_____/

ORDER ADOPTING REPORT OF MAGISTRATE JUDGE (D.E. 134)
GRANTING DEFENDANT DIEGO MOLINARI'S MOTION TO SET
ASIDE DEFAULT FINAL JUDGMENT (D.E. 102.)

**THIS CAUSE** is before the Court on the Report and Recommendation of United States Magistrate Judge Jonathan Goodman (the "Report," D.E. 134), issued on August 23, 2015, recommending that the Court grant Defendant Diego Molinari's Motion to Set Aside Default Final Judgment (D.E. 102), filed on February 18, 2015. Specifically, Judge Goodman recommends that the Court set aside the default final judgment without prejudice as to Defendants Global Development Consultant Inc. and New Langford LLC (collectively, the "Corporate Defendants") because the issue of liability as to the remaining individual Defendants Carlos J. Molinari and Diego Molinari is yet to be determined, which could lead to inconsistent results against Defendants who are jointly and severally liable. To date, Plaintiff has not filed any objections to the Report. After a

careful independent review of the Report, Motion, Response, Reply, and case file, the Court finds as follows.

I.  Background

On April 16, 2013, Plaintiff filed this Fair Labor Standards Act ("FLSA") case against the Corporate Defendants and Defendants Carlos J. Molinari and Diego Molinari seeking unpaid overtime wages.  (D.E. 7.)  The Corporate Defendants were originally represented by counsel that also represents the individual defendants.  However, Defense counsel moved to withdraw on two occasions and the Court ultimately ordered the Corporate Defendants to file a motion to substitute counsel or show cause why default should not be entered.  (D.E. 87.)

Upon noncompliance with the Order to Show Cause by the Corporate Defendants, Plaintiff filed a Motion for Final Default Judgment on February 2, 2015.  (D.E. 99.)  On February 12, 2015, the Court entered Default Final Judgment in favor of Plaintiff against the Corporate Defendants in the amount of $95,192.40 plus attorney's fees and costs.  (D.E. 100.)

On February 18, 2015, Defendant Diego Molinari filed the instant Motion seeking to set aside the Final Default Judgment entered against the Corporate Defendants, without prejudice, pending adjudication of the individual Defendants' claims and defenses.  (D.E. 102.)  Therein, Defendant Molinari argues that the Default Final Judgment could lead to inconsistent results if the individual Defendants prevail at trial but remain jointly and severally liable for the Default Final Judgment.  (D.E. 102 at 10.)

Plaintiff's Response to the Motion argues that the Default Final Judgment was justified based on the Corporate Defendants' failure to comply with the Court's orders; however, Plaintiff did not address the issue of inconsistent judgments.

On March 13, 2015, the Court referred the instant Motion to United States Magistrate Judge Jonathan Goodman. (D.E. 108.) On July 30, 2015, the Magistrate Judge sua sponte ordered the Parties to brief the issue of whether Defendant Molinari has standing to assert the relief requested in the Motion. (D.E. 125.) The Parties fully briefed this issue.

## II. Standard

Where no objections have been made, the Court reviews the Report and Recommendation—including the Magistrate Judge's factual findings and legal conclusions—for clear error. See Thomas v. Arn, 474 U.S. 140, 150 & n.8 (1985); Crutch v. Lawrence Cnty. Bd. of Educ., No. 3:12-CV-827-PWG, 2012 WL 3030173, at *2 & n.3 (N.D. Ala. July 23, 2012). Furthermore, failure to timely file objections shall bar parties from attacking on appeal the factual findings contained in the report. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Gaffigan v. Does 1-10, 689 F. Supp. 2d 1332, 1333 (S.D. Fla. 2010) (Lenard, J.).

## III. Analysis

### A. Standing

"As the Eleventh Circuit has noted, 'the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an

employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" Lira v. Matthew's Marine Air Conditioner, Inc., 741 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (quoting Alvarez Perez v. Sanford–Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008)). Joint and several liability is defined as "[l]iability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion." Black's Law Dictionary 1054 (10th ed. 2014).

The Magistrate Judge properly considered the issue of standing and ultimately concluded that Defendant Diego Molinari has standing to request the relief in his Motion because the Default Final Judgment is executable on the non-defaulting Defendants because of the joint-and-several-liability theory advanced in the Amended Complaint. (D.E. 134 at 5–6.)

Upon review of the standing issue and the Parties' briefing on same, and without benefit of any objections to the Report by Plaintiff, the Court agrees with the Magistrate Judge's conclusion that Defendant Diego Molinari has standing to seek relief from the Default Final Judgment. See, e.g., Rodriguez v. Irwin, No. 7:10-CV-102-FL, 2011 WL 737316, at *4 (E.D.N.C. Feb. 23, 2011) (finding that defendant joint and severally liable for codefendant has standing to challenge entry of default against that codefendant).

B.     Motion to Set Aside Default Judgment

Though a court may enter default judgment for various reasons, such as a failure to obey orders, default judgment should not be entered when it may result in inconsistent

outcomes for similarly situated defendants.  Mayorga v. Stamp Concrete & Pavers, Inc., No. 13-81274, 2015 WL 3556972, *2 (S.D. Fla. June 4, 2015) (citing Frow v. De La Vega, 82 U.S. 552 (1872)).  If default judgment has been entered, the rules provide that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any reason that justifies relief." Fed. R. Civ. P. 60(b).

The Magistrate Judge concluded that because the individual Defendants were named as corporate officers, owners, and/or managers of the Corporate Defendants and are jointly and severally liable for the FLSA claims against the Corporate Defendants, the Court should set aside the Default Final Judgment without prejudice so as to avoid any potential inconsistencies upon the resolution of Plaintiff's claims against the individual Defendants.  (D.E. 134 at 9.)

Upon review of the inconsistent-judgment issue and the Parties' briefing on same, and without benefit of any objections to the Report by Plaintiff, the Court agrees with the Magistrate Judge's conclusion that the Default Final Judgment should be set aside pending resolution of the remaining claims against the individual Defendants.

**III.   Conclusion**

Therefore, after an independent review of the Report and record, it is hereby ORDERED AND ADJUDGED that:

1. The Report of the Magistrate Judge (D.E. 134), issued on August 23, 2015, is **ADOPTED**;

2. Defendant Diego Molinari's Motion for Relief from and to Set Aside, the Default Final Judgment (D.E. 102) is **GRANTED**; and

3. The Default Final Judgment in favor of Carlos German Diaz against Global Development Consultant Inc. and The New Langford LLC (D.E. 100) is **VACATED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of September, 2015.

                                                 _____
                                                 **JOAN A. LENARD**
                                                 **UNITED STATES DISTRICT JUDGE**