UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-20729-CIV-LENARD/GOODMAN

CARLOS GERMAN DIAZ,

    Plaintiff,

vs.

GLOBAL DEVELOPMENT
CONSULTANT INC., *et al.*,

    Defendants.
_____/

## DEFENDANTS' RENEWED VERIFIED MOTION FOR SANCTIONS

Defendant, Diego Molinari ("Diego Molinari"), renews the motion to sanction the plaintiff, Carlos German Diaz ("Mr. Diaz"), and his counsel, pursuant to this Court's inherent jurisdiction and 28 U.S.C. § 1927,[1] and states as grounds therefor:

### I. INTRODUCTION

"Some commentators describe litigation as war…. But if litigation is war, then it is a war fought under rules which prohibit and restrict certain tactics. One unavailable tactic is to pressure a defendant by pressing a frivolous lawsuit." *Rodriguez v. Marble Care Int'l., Inc.*, 863 F. Supp. 2d 1168 (S.D. Fla.

---

[1] On November 7, 2013, this Court entered an order "ORDER denying without prejudice Defendants' [36] [49] Motions for Sanctions," and held "that Defendants' earlier-filed [36] [49] Motions for Sanctions are DENIED WITHOUT PREJUDICE with leave to refile if appropriate" (DE 56).

2012)(footnote deleted), "RATIFIED, AFFIRMED and APPROVED in its entirety," Case No. 10-23223-CIV-GRAHAM/GOODMAN, LEXIS 40981 (S.D. Fla. March 11, 2013). This action is being pursued without reasonable inquiry into the underlying facts, by the same attorneys and law firm who were sanctioned by this Court in *Rodriguez*, for pursuing that claim without reasonable inquiry into the underlying facts. To quote the late Yogi Berra: "It's like déjà vu all over again"!

## II. PERTINENT FACTS

Mr. Diaz was a property maintenance man, who worked and resided in the Langford Building in Miami—which was closed to the public, shuttered, and devoid of (paying) tenants, continuously from the time it was acquired by the New Langford until it was lost in foreclosure; he never participated in any movement of persons or things in interstate commerce, and neither did the New Langford; to the contrary, the New Langford was merely a holding company for the Langford Building—its only holding—which never produced or sold goods, materials, or services, nor leased or rented space, nor received rents or revenues.

The total income of the New Langford, including gross receipts and sales, was **$0.00** in years 2007, 2008, 2009, 2010, 2011, and 2012.

Global Development was formed in December 2009, solely and exclusively to develop techniques for constructing emergency homes using recycled shipping containers, but it never completed a single home, or produced nor sold any goods,

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

materials, or services, or generated any revenues. Moreover, Global Development never employed Mr. Diaz nor shared offices or enterprises with the New Langford.

The total income of Global Development, including gross receipts and sales, was **$0.00** in each and all years 2009, 2010, in 2011, and 2012.

The only "connection" between the New Langford and Global Development is that Carlos Molinari—a resident of Argentina—is the Manager/Member of the former, and President of the latter, whereas Diego Molinari is the Vice President of the latter and was added as Manager of the former on April 29, 2012. Nonetheless, assuming *arguendo* that the defendants could have been construed as an enterprise, their combined gross revenues, sales, and income, for the years 2007 through 2012 —***aggregated***—totaled **$208,225**, i.e., only 42% of the $500,000 annual threshold.[2]

Foreclosure of the Langford Building was commenced on March 15, 201**2**, and it was sold on February 19, 2013—matters of public record—and, because Mr. Diaz was its sole occupant, matters which were or should have been known by him and his counsel when they commenced this action nine days thereafter….

### III. APPLICABLE LAW AND ARGUMENT

Title 28 U.S.C., section 1927 provides: "Any attorney or other person

---

[2] The Affidavit of Diego Molinari in Support Motion for Rehearing, *Etc.*, the Affidavit of Juan Esteban Villar in Support of Defendants' Motion for Summary Judgment, *Etc.*, and the Defendants' Expert Witness List (with incorporated report and summaries) are attached hereto and incorporated herein.

3

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Rodriguez*, 863 F. Supp. 2d at 1177. In addition, "under its *inherent powers*, a court can sanction an attorney and the attorney's law firm for bad faith litigation conduct." *Id*. at 1179. "Furthermore, courts in this jurisdiction may award attorney's fees under the FLSA to prevailing defendants upon a finding that the plaintiff litigated in bad faith. See Turlington v. Atlanta Gas Light Co., 135 F.3d 1428 (11th Cir. 1998)." *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

Last year this Court sanctioned the same lead attorney and his law firm who are representing Mr. Diaz in this case, based upon facts that are *less* egregious than those presented here. *Rodriguez*, 863 F. Supp. 2d 1168.

> ***Defendant*** Marble Care Int'l, Inc. is a small, local floor finisher with one location in Broward County.... Marble Care, owned by Codefendant Robert Segurola, ***employed four workers***, a fact acknowledged by Plaintiffs' counsel at a discovery hearing.... ***Plaintiffs worked for Defendants as basic laborers, doing floor polishing***, for approximately two to six months during 2010....
>
> Plaintiffs filed an Amended Complaint alleging FLSA overtime violations.... ***Plaintiffs alleged, albeit upon information and belief, that "the Defendant Corporations"... "grossed over $500,000 annually for the relevant time period."***.... They also alleged that "Defendants' business and the Plaintiffs' work for the Defendants

4

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

> affected interstate commerce" and that "Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he (sic) worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant."

*Rodriguez*, 863 F. Supp. 2d at 1173 (emphasis added; brackets deleted).

In the instant case, Mr. Diaz was the sole "property maintenance man" for the New Langford—a single asset holding company for the Langford Building—and he was the lone tenant of the vacant and shuttered Langford Building. Just like they had done in *Rodriguez*, in the instant case Mr. Diaz's counsel filed a "Third Amended Complaint"—in fact the fourth complaint—alleging: "Upon information and belief, the Defendant Companies had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011, and 2012" (see ¶ 14).

The *Rodriguez* Court held, if "egregious enough, pursuing a claim 'without reasonable inquiry into the underlying facts' can constitute the bad faith necessary to support a fees sanction," and, concerning Mr. Diaz's attorneys in this case, held:

> Plaintiffs' attorneys are hardly novices to FLSA cases. To the contrary, they are competent, experienced and extremely active in litigating FLSA cases. According to a CM/ECF query run on February 15, 2012, *Mr. Zidell has been involved as an attorney in 1,078 cases since 1997* (with most of those cases in the past 11 years, from 2000 onward) and Mr. Kelly has been involved in 150 cases since 2006. *Although ignorance of the law concerning FLSA jurisdiction would not be a legitimate defense to a fees request based on bad faith pursuit of a frivolous FLSA claim, these two attorneys would not have that argument available in any event.*
>
> ***Because Marble Care is a small, local company with less than***

5

> *a handful of employees, Plaintiffs' counsel should have known from the start that they would confront significant and probably insurmountable obstacles to establishing the requisite jurisdiction.* Plaintiffs' counsel did not send a pre-suit demand letter or first seek a pre-suit bill of discovery — two factors the Ortiz v. D & W Foods, Inc. court deemed significant. In addition, *Plaintiffs' counsel had little or no basis to believe that Marble Care had annual sales revenues of $500,000.00 because their clients had no access to the books and records and therefore had no reasonable estimate of the gross sales figures.* Although the bank records provided demonstrated that Marble Care's annual revenues were not even remotely close to reaching the $500,000.00 threshold, Plaintiffs persisted in their claim. Defendants provided the bank records on November 11, 2010, as exhibits to their motion to dismiss. Indeed, Plaintiffs' counsel conceded as late as February 4, 2011 (during the discovery hearing) that he could not prove the $500,000 revenue threshold (and he did not have evidence to demonstrate individual coverage, either).

*Rodriguez*, 863 F. Supp. 2d at 80 (S.D. Fla. 2012)(emphasis added; footnote and brackets deleted).[3]

---

[3] *See also, Aguilar v. United Floor Crew, Inc.*, Case N0. 14-CIV-61605-BLOOM/Valle, LEXIS 66478 at * 35 (S.D. Fla. May 20, 2015), wherein this Court noted:

> It also bears noting that *counsel for Plaintiff are no strangers to discovery sanctions* and Rule 41(b) dismissal. *This is not the first time Plaintiff's counsel unsuccessfully defended their actions and their clients' from such meritorious accusations. Or even the second.* In *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168 (S.D. Fla. 2012), *the same lawyers who appear for Plaintiff here were sanctioned for failing to engage in proper pre - and post-suit investigation, resulting in the filing and maintenance of a frivolous FLSA case.* In *Gonzalez v. Bus. Representation Int'l, Inc.*, 248 F.R.D. 644 (S.D. Fla. 2008), the plaintiff—represented by the same attorneys who appear for Plaintiff here—engaged in obstruction of and denied access to discoverable evidence, resulting in dismissal without prejudice pursuant to Rule 41(b). (emphasis added).

6

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

As was the case in *Rodriguez*, here the defendants had less than a handful of employee—only one to be exact, Mr. Diaz, and he was only employed by the New Langford. As was the case in *Rodriguez*, here "Plaintiffs' counsel had little or no basis to believe that [the defendants] had annual sales revenues of $500,000.00 because their clients had no access to the books and records and therefore had no reasonable estimate of the gross sales figures." As was the case in *Rodriguez*, Mr. Diaz's counsel should have known from the get-go that they would confront significant and insurmountable obstacles to establishing the requisite jurisdiction.

In spite of this Court's sanction in *Rodriguez*, Mr. Diaz's counsel dragged in two unrelated parties—Global Development and Diego Molinari—in a transparent "shotgun" approach to overcoming their "significant and probably insurmountable obstacles to establishing the requisite jurisdiction."

Moreover, tellingly, back in October 20**13** the defendants wanted to produce their tax returns and records to Mr. Diaz's counsel—voluntarily—and, in an email that was sent on October 7, 2013, undersigned counsel proposed and attached a form of Confidentiality Order to accomplish that purpose, asking:

> Please let me know if we can agree to the entry of the attached Confidentiality Order, and, again, kindly let me know forthwith whether we can resolve or limit the issues raised in the Defendants' Verified Motion for Sanctions served yesterday…. (copy attached).

7

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

However, Mr. Diaz's counsel rejected undersigned counsel's proposal in a reply email sent on October 15, 2013, which stated:

> **We will not agree to the Confidentiality Order presently**.
>
> Regarding your request to see the amended complaint; it is attached. **The only change made is that Plaintiff has added an additional entity to the joint enterprise paragraph: Real Estate Investments Fiduciaria S.A.** Otherwise, it is the same. (copy attached; emphasis added).

Thus, Mr. Diaz's counsel failed to engage in proper pre-suit investigation, they refused to engage in proper post-suit investigation, and, instead of engaging in any proper investigation, they dug their heals in and added Real Estate Investments Fiduciaria S.A.—a entity solely in Argentina with no business or presence here!

Mr. Diaz's attorneys have egregiously pursued claims against the defendants here "without reasonable inquiry into the underlying facts," in the same manner that they pursued Marble Care and its principal in *Rodriguez*—and notwithstanding having been sanctioned by this Court in *Rodriguez* for the very same conduct! *A fortiori*, sanctions should be entered against Mr. Diaz, or his attorneys, or both.

I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct, and that the Defendants' Expert Witness List, and incorporated report and summaries, are true and correct to the best of knowledge and belief. Executed on this 28 day of September 2015.

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

_____
DIEGO MOLINARI

WHEREFORE, defendants, Carlos Juan Molinari and Diego Molinari respectfully request this Honorable Court to enter an order sanctioning Mr. Diaz and his counsel, including, without limitation, awarding them attorney's fees and costs.

### IV.    RULE 7.1.3. CERTIFICATION

Undersigned counsel for the movants has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this renewed motion but has been unable to do so.

s/John H. Patterson Jr.
John H. Patterson Jr.
Florida Bar No. 0516597
pat@pattersonsweeny.com
Patterson & Sweeny, P.A.
Counsel for Defendants
2601 S. Bayshore Drive
SBS Tower, Suite 1100
Miami, Florida 33133
305.350.9000 Telephone
305.372.3940 Facsimile

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing, Diego Molinari's Verified Motion for Sanctions, together with the accompanying and attached Affidavit of Diego Molinari in Support of Defendant's Motion for Summary Judgment, were served on all counsel or parties of record and electronically filed with the Clerk of the Court on September 30th, 2015 using CM/ECF.

s/John H. Patterson Jr.

9

Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN

John H. Patterson Jr.

## SERVICE LIST
Carlos German Diaz v. Global Development Consultant, Inc., *et al*.
CASE NO: 13-20729-CIV-LENARD/GOODMAN
United States District Court – Southern District of Florida

Jamie H. Zidell
Zabogado@aol.com
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Steven C. Fraser
steven.fraser.esq@gmail.com
PO Box 2038
Telephone: 305-809-6781
Attorney for Plaintiff
Served via Notice of Electronic Filing

Julia Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
J. H. Zidell, PA
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Elizabeth O. Heuber
elizabeth.hueber.esq@gmail.com
J. H. Zidell, PA
300 71st Street

Carlos German Diaz v. Global Development Consultant, Inc., *et al.*
CASE NO: 13-20729-CIV-LENARD/GOODMAN

Suite 605
Miami Beach, Florida 33141
Telephone 305.865-6766
Facsimile 305.865-7167
Attorney for Plaintiff
Served via Notice of Electronic Filing

Carlos Juan Molinari
cjm_2003@hotmail.com
jestebanvillar@yahoo.com.ar
c/o REI Fiduciaria S.A.
Av. Libertador 5926 2º Piso "A" Sur, CPA: C1001ABF
Buenos Aires, Argentina
Served via Notice of Electronic Filing and U.S. Mail

Global Development Consultant, Inc.
c/o Diego Molinari, Vice President
The New Langford, LLC
c/o Diego Molinari, Manager
diegomolinari@live.com
1685 Yellowheart Way
Hollywood, Florida  33019
Company Defendant
Served via Notice of Electronic Filing and U.S. Mail

Diego Molinari
diegomolinari@live.com
1685 Yellowheart Way
Hollywood, Florida  33019
Individual Defendant
Served via Notice of Electronic Filing and U.S. Mail